## Shamokin Lumber and Construction Company *v.* Line Mountain Coal Company, Appellant.

*Writ—Service—Service on corporation—Defective service—Act of July 9, 1901, P. L. 614—Act of April 3, 1903, P. L. 139.*

In an action of assumpsit against a corporation, a sheriff's return is defective which avers that the service was made on the corporation by handing the superintendent a true and attested copy of the summons, together with a copy of the plaintiff's statement, but does not specify that the sheriff first made inquiry as to the residences of any of the officers of the corporation within the county, or that ascertaining the residences, for some cause an attempt to serve at such residence had failed.

Argued October 28, 1924.   Appeal, No. 2, Oct. T., 1924, by defendant, from order of C. P. Northumberland Co., May T., 1923, No. 221, discharging rule to set aside service of writ and statement of claim, and strike off judgment in the case of Shamokin Lumber and Construction Company v. Line Mountain Coal Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Assumpsit for merchandise sold and delivered.   Before STROUSS, P. J.

Rule to set aside service.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule.   Defendant appealed.

*Error assigned* was the order of the court.

*Joseph J. Brown,* and with him *Voris Auten,* for appellant.—The return was defective and invalid on its face: Park Brothers & Co. v. Oil City Boiler Works, 204 Pa. 453, 458; O'Brien v. Bartlett, etc., 12 District Reports 746; Lay v. Levering et al., 20 D. R. 1093.

*Charles C. Lark,* and with him *W. Lloyd Snyder,* for appellee.

OPINION BY LINN, J., February 27, 1925:

The question is whether the sheriff's return is sufficient. After the writ was returned, plaintiff filed a statement endorsed with a rule to file an affidavit of defense as required by the Practice Act, and, no affidavit being filed, took judgment for want of an appearance and an affidavit of defense, assessed damages, and issued a fi. fa. on which the sheriff levied.

To contest the service, defendant then filed a petition, inter alia, setting forth that the service of the writ and the statement were illegal, and praying that execution be stayed, the service set aside and the judgment stricken off. A rule to show cause was granted, and after argument on petition and answer, was discharged.

The answer merely set forth "that the return......
shows that the summons was served in strict accordance with section 1, clause (e), of the Act of July [9th] 1901, P. L. 614."

The sheriff's return was as follows: "March 15th, 1923. Served Line Mountain Coal Company, within named defendant, by handing unto Luke Johnson, superintendent and person in charge of the principal place of business of said defendant in Little Mahanoy Township, Northumberland County, Pa., a true and attested copy of the within summons, together with copy of plaintiff's statement, and by making known unto him the contents thereof. So answers C. K. Martz, Sheriff."

Section 2 of the Act of July 9, 1901, P. L. 614, amended by the Act of April 3, 1903, P. L. 139, provides: "The writ of summons......may be served by the sheriff upon a corporation......in the county wherein it is issued, in any one of the following methods......(e) By handing a true and attested copy thereof, at any of its offices, depots, or places of business, to its agent or person for the time being in charge thereof, if upon inquiry thereat the

residence of one of said officers within the county is not ascertained, or if from any cause an attempt to serve at the residence given has failed."

The return is defective on its face; while the words used in the return, "person in charge of the principal place of business......" would indicate that he intended to make a return under clause (e), a comparison of the return with the requirements of clause (e) shows that the conditions are lacking in which service under that clause may be made. Such a return must specify that by inquiry in the county at the place of business of the corporation where service is sought to be made, the sheriff has not been able to ascertain the residence of any of its officers within the county, or, ascertaining the residence, that for some cause an attempt to serve at the residence has failed. The record questioned does not show that the sheriff made any inquiry, or, that, having made the inquiry and learned the residence of such officer, he was then unable to make service at the residence. Recent consideration of the subject, illustrated by returns respectively good and bad, will be found in Park Bros. & Co. v. Boiler Works, 204 Pa. 453, 458; O'Brien v. Bartlett, etc., 12 D. R. 746, 747, and Miller Paper Co. v. Keystone C. & C. Co., 267 Pa. 180.

The judgment is reversed and the record is remanded, with instructions to reinstate the rule and make it absolute.