## Veratti v. Salvatore et al.

*J. De Haven Ledward*, for plaintiff; *Morris W. Green*, for defendant.

MacDADE, J., Nov. 12, 1929.—On March 12, 1929, the plaintiff, Tony Veratti, instituted suit before Thomas C. Berry, alderman, in the City of Chester. At the time of hearing, the constable, being sworn, stated that he served the defendants, and manner of the service was set down by the alderman in his docket as follows:

"Samuel L. Wheaton, Constable, being duly sworn, saith he served the within writ of summons March 8, 1929, upon Nich Salvatore and Frank Tenaglio, the within named Defendants, by handing true and attested copies thereof to Nick Salvatore personally at their place of business, No. 109 Wayne Ave., Springfield, Delaware County, Pennsylvania."

The record further shows that neither party appeared and that judgment was entered against both defendants, even though defendant, Frank Tenaglio, had never been served or had notice of the suit.

Subsequently, the plaintiff issued an attachment, attaching funds in the hands of B. J. Diggins which were due to Frank Tenaglio. This attachment did not issue, however, until Aug. 15, 1929, at which time the defendant, Frank Tenaglio, was apprised for the first time that there was a judgment in favor of the plaintiff against him.

He immediately filed his petition for *certiorari;* the same was allowed and a transcript of the proceedings before the said alderman was subsequently lodged with this court, whereupon the defendant, Frank Tenaglio, filed his exceptions to the record and judgment, alleging that the alderman had no jurisdiction to enter judgment against him, and assigned as a reason therefor the following:

"1. The record shows that the justice of the peace had no jurisdiction by reason of the fact that service of the summons in this case is defective, in that it attempts to state that the defendant, Frank Tenaglio, was served with a

true and attested copy of the summons by handing a true and attested copy of the original summons to Nick Salvatore, a man at his place of business, without stating that the said Nick Salvatore was his agent, partner or the person for the time being in charge thereof, and without stating that any attempt was made to serve the defendant, Frank Tenaglio, at his residence, or that any inquiry was made at said place of business as to defendant's residence, in accordance with the acts of assembly in such cases made and provided."

## Question involved.

1. Did the justice of the peace have jurisdiction over the defendant, Frank Tenaglio, to enter judgment against him?

## Discussion.

The Act of July 9, 1901, par. 16, P. L. 619, provides: "Writs issued by any magistrate, justice of the peace or alderman shall be served in the county wherein they are issued, by the constable or other officer therein to whom given for service, in the same manner and with like effect as similar writs are served by the sheriff when directed to him by the proper court; and in cases within the jurisdiction of such magistrate, justice of the peace or alderman, a constable or other officer of any county of the Commonwealth, authorized to serve writs therein, may be deputized to make the service, in whole or in part, in cases where the sheriff of another county might be deputized as hereinbefore set forth."

Therefore, any other service other than that specified by the act is invalid. Where service cannot be had upon a defendant personally, the act provides the following methods for services:

"By handing a true and attested copy thereof to an adult member of his family, at his dwelling-house; or by handing a true and attested copy thereof, at his place of residence, to an adult member of the family with which he resides; or by handing a true and attested copy thereof, at his place of residence, to the manager or clerk of the hotel, inn, apartment-house, boarding-place or other place of lodging at which he resides; or by handing a true and attested copy thereof, at his place of business, to his agent, partner or the person for the time being in charge thereof, if, upon inquiry thereat, his residence in the county is not ascertained, or if for any cause an attempt to serve at his residence has failed."

Nowhere in the return does it appear that the constable complied with any of the methods set forth by the act.

He did not leave it at the defendant's, Frank Tenaglio's, residence, nor did he comply with section "E" of the act. The defendants are not sued as partners, so that no judgment can lie against him as to assets of a partnership. From the return, we can readily see that the constable attempted to serve him in compliance with section "E" of the act, but the actual service is invalid. It does not state that he handed a true and attested copy to Frank Tenaglio's partner or to any one in charge of Frank Tenaglio's place of business, or that he inquired at his place of business as to the defendant's, Frank Tenaglio's, residence in the county. Nor does it state that any attempt to serve him at his residence had failed.

It has been held in numerous cases that where the sheriff served an individual by means of the substituted service as provided by clause "E" of the Act of July 9, 1901, § 1, P. L. 614, the writ must show that the requirements of the act were strictly complied with, and, unless the writ does show a strict compliance, the service is invalid and should be stricken off: O'Brien v. Bart-

lett, Hayward & Co., 12 Dist. R. 746; American Hotel Supply Co. v. Bryant, 19 Dist. R. 702; Lay v. Levering, 20 Dist. R. 1093.

This rule has been reiterated and affirmed by our Superior Court in the case of Shamokin Lumber and Con. Co. v. Line Mt. Coal Co., 85 Pa. Superior Ct. 222.

A certiorari issued after the expiration of twenty days, as in the instant case, is good if the judgment of the justice be void on its face, as in Montgomery v. Souder, 18 Lanc. Law Rev. 185; Worst v. Souder, 8 Lanc. Law Rev. 187, being cases in which the magistrate had no jurisdiction.

Therefore, in view of the above conclusion, we make the following

*Order.*

And now, Nov. 12, 1929, the above matter coming on to be heard by the court *in banc*, after due consideration thereof, the court doth order and decree that the exception to the judgment entered by Alderman Thomas C. Berry in the above cause in favor of Tony Veratti and against Frank Tenaglio be and is hereby sustained and the said judgment be and is hereby declared null and void. From William R. Toal, Media, Pa.