## Stauffer Insurance Agency v. Koenigsburg

*Thomas E. Weaver*, for plaintiff;  *John L. Cutshall*, for defendant.

RENO, P. J., March 28, 1932.—Our writ of certiorari brought up the record of the alderman, whereby it was disclosed that his writ was served by the constable "on defendant by handing a true and attested copy thereof to Miss Rose Cassin, clerk, at defendant's place of business at Allentown, Lehigh County, Pa., July 17, 1931." This return, it is urged, complies with the Act of July 9, 1901, P. L. 614, Sec. 1, cl. 1, which provides:

"The writ of summons . . . may be served . . . (e) by handing a true and attested copy thereof, at his place of business, to his agent, partner, or the person for the time being in charge thereof, if upon inquiry thereat his residence in the county is not ascertained, or if for any cause an attempt to serve at his residence has failed."

The return is defective. It fails to recite that Miss Cassin was defendant's "agent, partner, or the person for the time being in charge;" or that "upon inquiry thereat [i. e., his place of business] his residence in the county [was] not ascertained," or that, for some "cause an attempt to serve at his residence . . . failed." It is necessary that the return shall upon its face disclose these facts before service upon some person at a place of business can confer jurisdiction of the defendant: American Hotel Supply Co. v. Bryant, etc., 19 Dist. R. 702; cf. Shamokin Lumber and Construction Co. v. Line Mountain Coal Co., 85 Pa. Superior Ct. 222.

We rest the decision upon the defective return, although we might quite as readily have held that, under the depositions, defendant had neither a place of business nor a residence within the county.

Now, March 28, 1932, the exceptions are sustained and the judgment is reversed.

From Edwin L. Kohler, Allentown, Pa.