## Payne *v.* East Liberty Spear Company, Appellant.

Argued May 2, 1938.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker and Rhodes, JJ.

*David M. Harrison,* for appellant.

*John A. Metz, Jr.,* with him *John A. Metz,* of *Metz & Metz,* and *Nathan Holstein,* for appellee.

OPINION BY BALDRIGE, J., July 15, 1938:

In this action of malicious prosecution, the plaintiff obtained a verdict in the court below. Defendant appealed.

In 1931 the appellee, under a bailment lease, obtained from the defendant, who conducts an installment furniture business, possession of a mattress and springs, glider, washing machine, three-piece living room suite, two small tables, and two lamps. In the early part of 1933 he became in default in his payments. Defendant issued a writ of replevin to obtain possession of the goods, which was executed on January 12, 1933, by Deputy Sheriff Nichols, who was accompanied by Collins, employed by defendant to make collections, and two other representatives of the defendant.

The return day of the writ was the first Monday of February, 1933. The return showed that certain of the goods, to wit, the glider and living room suite, were taken by the deputy sheriff, that the mattress and springs were "left," and other items, including the washing machine, were marked "short." It contained the following statement: "...... and being unable to locate the balance of the within described property and return day having passed I return this writ unexecuted as to replevining the same marked short."

Collins reported to Delmasse, his superior and defendant's credit manager, that he was unable to locate some of the goods. Delmasse told him to go back and see if he "could get any line-up on the washing machine." The following day, January 13th, Collins, after a further investigation, made information against the plaintiff, charging him with the fraudulent conversion of the bed-springs, mattress, and washing machine. The springs and mattress were seen by the deputy sheriff but left on the premises at Collins' direction. A hearing was had before an alderman, and, upon failure

to furnish bail, Payne was committed to jail where he remained for two days and then obtained bail.

The defendant company, through the sheriff, recovered the washing machine on January 20, 1933, in the basement of the building occupied by the plaintiff. The criminal action was terminated by the grand jury ignoring the bill at the request of Collins. Plaintiff thereafter brought this suit, charging that the defendant had him arrested maliciously and without probable cause.

The appellant in its first three assignments of error complains of the lower court's refusal of its point for binding instructions, subsequent denial of its motion for judgment n. o. v., and entry of judgment on the verdict.

It is only where the indisputable facts and the reasonable inferences therefrom amount to probable cause that a trial judge may direct a verdict for defendant: *Taylor v. Am. I. Shipbuilding Corp.*, 275 Pa. 229, 231, 119 A. 130; *Hubert v. The Alta Life Ins. Co.*, 130 Pa. Superior Ct. 277, 279, 196 A. 513. The facts here are in dispute.

The fourth assignment, which is specially urged, is to the lower court's overruling of defendant's objection to the admission of testimony offered by the plaintiff that the washing machine was on the premises at the time of the service of the writ of replevin, on the ground that it contradicted the sheriff's return.

If this testimony had been erroneously admitted, which we do not concede, and there was no other evidence to show want of probable cause, then the plaintiff's case was not made out, but there was other testimony, independent of that complained of, sufficient to sustain plaintiff's contention. Therefore, the defendant was not entitled as a matter of law to a verdict and a new trial is not sought. We will consider, however, whether the evidence was admissible.

This case was previously tried and an appeal taken to the Supreme Court (see *Payne v. East Liberty Spear Co.*, 323 Pa. 100, 185 A. 853). The order of the court below granting judgment n. o. v. in favor of the defendant was reversed, but the rule for a new trial was reinstated and made absolute, on the ground that the trial court committed an error in permitting plaintiff to call Delmasse as for cross-examination. In that appeal it was urged, as here, that judgment should have been entered for defendant on substantially the same evidence as is now before us, but the Supreme Court, in answering that contention, expressly stated that the defendant's motion for judgment n. o. v. should not have been granted. Mr. Justice STERN, speaking for that court, said (p. 105): "Plaintiff and his wife testified that the goods had not been removed or secreted by him but were in plain view on his premises when the deputy sheriff came there; this was sufficient evidence of lack of probable cause for submission to the jury. Moreover, the jury could infer from the testimony that the object of the criminal prosecution was to collect the debt or obtain the return of the property; a prosecution so motivated constitutes prima facie evidence of malice and want of probable cause [citing authorities]."

We recognize the well-known rule invoked by appellant that in the absence of fraud a sheriff's return, full and complete on its face, cannot be contradicted by either party to the action in which it was made: *Diller v. Roberts*, 13 S. & R. 60; *Lowry v. Coulter*, 9 Pa. 349; *Vaughn v. Love et al.*, 324 Pa. 276, 279, 188 A. 299. The testimony relating to the whereabouts of the washing machine was given in support of the averment in the statement that plaintiff's arrest was without probable cause. It was not for the primary purpose of contradicting the return, which was not offered in evidence until later by the defendant. The return did not

state definitely that the washing machine could not be found. The deputy sheriff testified, without objection, that he personally did not make a search for the washing machine, that he was there to see that Collins had an opportunity to make an investigation. In the return, as we have observed, it was marked "short"—whatever that may mean. Undoubtedly, the return, containing a number of pencil marks and erasures, invited conjecture. It was filed after the return day, which was February 6th, so that prior thereto the deputy sheriff actually had taken the washing machine. The return that it was "short" was at least ambiguous, if not false. It is stated in Standard Penna. Practice, vol. 1, p. 498, §118: "Notwithstanding the rule relating to the conclusiveness of the sheriff's return, modern practice in Pennsylvania is liberal in allowing inquiry into the actual facts where the return itself is not full or explicit. In such case evidence may be introduced to supply something that has been omitted by the sheriff and to show the true facts in regard to the service. If the return is ambiguous, evidence to explain, not to contradict, it may be heard."

There is evidence here to support the conclusion that the character of the return was due to instructions given by Collins. We said in *White v. Rosenbaum Co.*, 73 Pa. Superior Ct. 99, 103: "Even a sheriff's return may be shown to be false in an action against him for making a false return, and we are of the opinion that a like rule would apply in an action against a party litigant who knowingly directed the sheriff to make a false return. ...... We hold it can also be shown, where a party knowingly procured such false return, in an action against such party for malicious abuse of legal process." See, also, *Park Bros. & Co. v. Oil City B. W.*, 204 Pa. 453, 54 A. 334. We might add that the sheriff's return could not have given probable cause for the arrest made in January as it was not filed, as above

noted, until after the 6th of February, the return day. In no aspect of this case was the defendant warranted in prosecuting charges of fraudulent conversion of the springs and mattress which Collins saw in the house and knew were not converted as they were left on the premises at his direction.

We are of the opinion that the proof offered by the plaintiff in support of the averment that there was want of probable cause for the prosecution was sufficient to entitle him to have that issue determined by the jury.

Nor do we find any merit to the further contention that the plaintiff failed to produce evidence to show the prosecutor acted as the agent of the defendant in instituting the prosecution. The evidence showed that Delmasse was not only the credit manager of the defendant and in charge of its commercial department, but that both he and Collins, his subordinate, were active in the prosecution of the plaintiff; that Delmasse was present at the hearing before the alderman when that officer asked him what he wanted done, and he replied: "Send him to jail. Make an example of him." When the question of agency was considered in the former appeal, the Supreme Court said (p. 103) : "It is sufficient if the arrest was made or instigated by an agent in the course of his employment where there had been entrusted to such agent the duty of protecting his employer's property or obtaining its recovery." In the case of *Markley v. Snow,* 207 Pa. 447, 451, 56 A. 990, the court held that a principal may be held liable for the act of his agent in instituting a malicious prosecution; that authority may be implied when the arrest is made by the agent in the absence of his principal for the protection of property that is in danger.

At the second trial there was new evidence tending to show a ratification of this prosecution by the defend-

ant company as the costs in the case against Payne were paid by defendant's check.

After a careful consideration of appellant's argument and the cases cited, we are of the opinion that no reason has been advanced to disturb the conclusion reached by the learned court below.

Judgment affirmed.