## Kane, Appellant, *v.* Travis.

Argued September 30, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Joseph Atlas,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY ARNOLD, J., December 12, 1952:

In this action of assumpsit, the appellee was served by the sheriff with a copy of the complaint, and he filed no answer. Judgment was then entered against the appellee and a writ of vend. ex. was issued about one year after the entry of judgment. About a week prior to the return day of the writ the appellee obtained a rule to show cause why the judgment should not be opened. His petition for the rule alleged that he had not been served by the sheriff, and denied any indebtedness to the plaintiff-appellant. Upon such allegation of the appellee that he was not so personally served, the court opened the judgment and the plaintiff-appellant appealed.

The sheriff's return was complete: "SERVED AND MADE KNOWN TO Charles Travis the within named

defendant by handing personally to him a true and attested copy of the within writ on 10/26, 1950, at 6:00 o'clock P.M. Eastern Standard Time. at 1724 N. Lambert St., in the County of Philadelphia. . ."

It is firmly established that "in the absence of fraud a sheriff's return, full and complete on its face, cannot be contradicted by either party to the action in which it was made": *Payne v. East Liberty Spear Company*, 132 Pa. Superior Ct. 278, 282, 200 A. 924. In *Morris v. Bender*, 317 Pa. 533, 536, 177 A. 776, the Supreme Court stated: "If it [the sheriff's return] is false, the only remedy by one who has been injured thereby is by an action against the sheriff for a false return: Rittenberg et al. v. Stein, 97 Pa. Superior Ct. 554."

The order opening the judgment is therefore reversed.