## Ehnes, Assignee, et al. v. Wagner

558

*Edwin Booth*, for plaintiffs.

*Vincent J. Salandria*, for defendant.

KUN, P. J., November 6, 1953.—On March 31, 1931, the Broadway Merchants Trust Company, of Camden, N. J., now defunct, sued a D. L. Wagner in assumpsit. The action was upon a note made by King Wagner Co. and signed by D. L. Wagner and William M. King. The sheriff's return shows service of the writ upon an adult person at 5809 North 12th Street, Philadelphia, then the alleged residence of defendant named. Judgment was entered for failure to file an affidavit of defense. The Broadway Merchants Trust Company later failed, and it was taken over by the Federal Deposit Insurance Corporation, which later sold the claim to Fred C. Ehnes, plaintiff assignee.

On October 18, 1951, a sci. fa. to revive the judgment was issued by Fred C. Ehnes against D. L. Wagner. On November 7th an answer to the sci. fa. was filed. On June 4, 1952, a rule was granted upon plaintiff to show cause why the judgment should not be opened, and defendant let into a defense. In his petition for the rule, Wagner stated that he had never been in business with William King; that he did not know King; that he had never done business with the trust company; had never signed the note; knew noth-

ing about the matter, and had received no consideration; had no notice of the suit, and denied that any copy of the statement of claim had ever been served on him. An answer to this petition to open judgment, denying the material averments therein, was filed.

On December 11, 1952, Ehnes, plaintiff assignee, ruled defendant to show cause why he should not proceed in accordance with Pa. R. C. P. 209. On December 22, 1952, Wagner obtained a rule on Ehnes to show cause why he should not make discovery and produce the records sought in the petition. The records were alleged to be in the sole and exclusive possession of Ehnes and include records relating to the loan of William King and D. L. Wagner, including ledgers of the trust company relating to the loan, signature cards of King and Wagner, correspondence between the trust company and King and Wagner dealing with such loan, all notes upon which the suit is based, and any instrument which contains the address and/or signature of King and Wagner, dated between 1926 and 1931, and any record which may indicate the death of William King. Plaintiff denies the right of defendant Wagner to obtain discovery on the grounds: (1) That the information which defendant seeks is not relevant or material (Pa. R. C. P. 4011(c)(1)), and (2), that to comply with the order here sought would require an unreasonable investigation of books and records of a bank long defunct (Pa. R. C. P. 4011(f)).

On the first issue plaintiff, contra the petition, argues that the matters for discovery are to help prove that defendant is not the D. L. Wagner who signed the note. Plaintiff alleges that this is not material because this is not in issue since defendant was duly served by the sheriff in 1931, and proper return of service made, and a judgment for want of an affidavit of defense entered against him. The argument is a nonsequitur. The sheriff's return shows that *a* D. L.

Wagner was served, but not that *the* D. L. Wagner, petitioner, was served.

The question that petitioner is actually raising in the case is whether he is in fact defendant D. L. Wagner named as such in the case; in other words, the question of identity. The rule is well known as stated in Payne v. East Liberty Spear Company, 132 Pa. Superior Ct. 278, 282, that ". . . in the absence of fraud a sheriff's return, full and complete on its face, cannot be contradicted by either party to the action in which it was made", quoted in Kane v. Travis, 172 Pa. Superior Ct. 220, 222.

It is to be noted that the conclusiveness of a sheriff's return as to service is as between *the parties*. Obviously, it cannot be conclusive as to one not in fact a party. The petition before us raises that very question by the averment that petitioner had never been in business with one William King, the other signatory to the note, and that he had never done business with the trust company to which the note was given and whose assets were taken over by the Federal Deposit Insurance Corporation, which then assigned the note to plaintiff assignee. A sheriff's return is indeed, in the absence of fraud, conclusive between the *parties*, but it is not conclusive on the question of the identity of the person named. That question may be raised at any time by one against whom the liability is asserted, unless it appears affirmatively by the proofs that defendant (petitioner) named actually lived at the place where the service had allegedly been made, in which case the sheriff's return would be conclusive on the question of service. The point is made by petitioner that there appears on the sheriff's return the letters N.H., which are crossed out, and then the return states that copy of the writ was served on an adult member of the defendant's family. If false, the only recourse would be against the sheriff. However, this does not

apply to alleged service of a copy of the statement of claim by some one other than the sheriff. Petitioner denies that any such service was made on him or any member of his family at any time. This being a default judgment, attempted to be enforced over 20 years after it was entered, the court on equitable principles could open it and let defendant into a defense, if satisfied that, as alleged, defendant never had any dealings with the payee of the note on which the judgment was entered, did not sign the note, and never received any consideration therefor. The parties to the litigation will be given the opportunity to present proofs on these vital questions.

The second issue involves an interpretation of Pa. R. C. P. 4011(f). Plaintiff alleges that defendant's request for documents would require him to make an unreasonable investigation. The documents sought are all material to the issues raised in the petition to open judgment. The unreasonableness alleged lies solely in the fact that the bank is long defunct. There is no allegation that the records are nonexistent. On the opening of the judgment plaintiff would himself have to produce these records to prove the transaction took place, and the identity of petitioner as defendant named. "The mere fact that an investigation must be made by the [party] . . . is not ground for objection . . . If the investigation required is the inevitable consequence of the nature of the litigation itself . . . there can be no ground for (denying discovery)": Goodrich-Amram, vol. 3, sec. 4011(f)(1), p. 58.

The third issue is plaintiff's (Ehnes) attempt to order the rule to open judgment down on petition and answer, in accordance with Pa. R. C. P. 209, whereby all allegations of fact properly pleaded in answer are held admitted. Pa. R. C. P. 209 states that a petitioner has 15 days after the filing of an answer to his petition to take depositions on disputed facts or order the cause

for argument on petition and answer. If petitioner does not do so, respondent may take a rule on petitioner to show cause why he should not proceed. If the rule is made absolute, petitioner has an additional 15 days in which to take depositions. Defendant petitioner has already started discovery proceedings on the disputed facts raised in the petition to open judgment and answer thereto, hence Pa. R. C. P. 209 is not applicable.

### Order

And now, to wit, November 6, 1953, the petition of D. L. Wagner for the discovery sought is hereby granted and the objections thereto overruled.