Beachel v. Hile

*Claire Groover* and *Vincent B. Makowski*, for plaintiff.

*Richard Henry Klein*, for defendant.

FORTNEY, P. J., August 19, 1957.—In this action Max Hile, defendant above, attacks a judgment entered against him by a justice of the peace in favor of plaintiff, Elstun B. Beachel. The transcript of the judgment is filed in our court of common pleas. Defendant by petition seeks to have the judgment stricken from the record, or in the alternative, the judgment opened and he be permitted to defend, or in the alternative, the allowance of an appeal nunc pro tunc.

The relevant pleadings consist of the petition of Max Hile, filed September 19, 1956, the issuance of a rule thereon, the answer thereto by respondent on October 8, 1956, and a praecipe of respondent on January 30, 1957, ordering the case on the argument list.

We will first discuss petitioner's request that the judgment be stricken, or in the alternative, opened.

It is too well established to require the citation of any authority that a judgment entered in the common pleas court upon a transcript from a justice of the peace cannot be set aside if legal on its face, nor can it be opened and defendant let into a defense: Taylor v. Tudor & Free, 81 Pa. Superior Ct. 306. The docket

of a justice is the best evidence to show the cause of action before him, and parol evidence is inadmissible to contradict or vary it: Holly v. Travis 267 Pa. 136, 141.

A reference to the transcript discloses the issuance of a summons in trespass as provided by law, due and legal service of the writ together with a sworn copy of plaintiff's affidavit of claim on defendant, a hearing on the date and hour fixed in the summons, the appearance of plaintiff who made a claim for damages to his motor vehicle, the failure of defendant to appear and judgment publicly entered for plaintiff in the sum of $138.74. The transcript is legal on its face, and we conclude there is no merit to defendant's petition to strike the judgment, or in the alternative, to open the judgment. See Battles v. Nesbit, 149 Pa. Superior Ct. 113.

We next direct our attention to petitioner's request for the allowance of an appeal nunc pro tunc. Appeals from the judgments of aldermen and justices of the peace are governed by the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 4, 42 PS §662, which provides that either party has "the right to appeal within twenty days after judgment". There can be no extension of time for taking such an appeal as a matter of indulgence, nor can the law fixing the period within such an appeal be taken be arbitrarily overridden: Adelman v. John McShain Inc., 148 Pa. Superior Ct. 138, 142.

While this court has discretionary power to permit defendant to perfect his appeal nunc pro tunc, in order to justify the exercise of this discretion, there must be something more than mere hardship or lack of diligence; there must be fraud or its equivalent: Dougherty v. Greggs, 159 Superior Ct. 166, 169.

It was stated at the argument of this case neither of the parties litigant were represented by counsel at

the hearing before the justice of the peace. The petition in support of the request for the allowance of the appeal nunc pro tunc avers that on August 15, 1956, 11 days after the hearing before the justice of the peace, defendant's insurance carrier employed present counsel for defendant to investigate the matter and if the justice of the peace had entered judgment in favor of plaintiff to appeal therefrom; pursuant to these instructions, this counsel on August 16, 1956, talked with the justice of the peace, whose office is about 14 miles removed from that of counsel, by telephone. In this conversation counsel was advised that a hearing was held August 4, 1956, plaintiff appeared and testified but no decision was rendered, for the reason that the justice was uncertain as to what he would do. Counsel was informed that the justice would probably consult an attorney concerning the correct procedure, and the justice assured counsel that he would promptly advise him of his decision, so that appeal, which counsel had heretofore indicated he would take if the decision were adverse to his client, could be perfected. It is to be noted this alleged conversation between counsel and the justice was had within the 20-day period permitted by law for an appeal.

The petition further avers that on August 23, 1956, counsel wrote the justice confirming his telephone conversation of August 16, 1956, and, at the same time, wrote his client, defendant, instructing him that if he received any word from the justice to so inform counsel immediately. Neither counsel nor client received any word from the justice until by letter dated September 12, 1956, the justice advised counsel that he had on August 4, 1956, publicly rendered judgment for plaintiff. Respondent's answer to this petition states he neither admits nor denies the averments therein. In addition, he says he has no knowledge of the conversation between the justice and counsel for

defendant in the judgment. Respondent, without taking further action, ordered the matter on the argument list on petition and answer.

Petitioner contends under these pleadings, for the purpose of this proceeding, we must accept as true all the allegations of fact in his petition and entirely ignore the allegations in the answer of respondent. He cites as authority for this contention rule 209 of the Rules of Civil Procedure. This rule provides: "If, after the filing and service of the answer, the moving party does not within fifteen days:

"(a.) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

"(b.) Order the cause for argument on petition and answer."

Respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and petitioner shall not proceed, as above provided, within 15 days thereafter, respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

We are herein required, preliminarily, to interpret that portion of the provisions of Pa. R. C. P. 209, where a respondent orders a case on the argument list on petition and answer without taking deposition or ruling petitioner either to take deposition or to list the case for argument on petition and answer. The advisability of a strict compliance with this rule of civil procedure was brought to our attention in Vallish v. Rapoport, 364 Pa. 25

As an aid to this interpretation, we have been referred to Price v. Jordan, 76 D. & C. 255, which discusses this rule of civil procedure under facts almost similar to those here present. We agree with the rea-

soning of this very comprehensive opinion written by President Judge W. C. Sheely and adopt the conclusion, page 259, which is as follows: "Since rule 209 provides a means by which respondent can list the case for argument without losing the effect of his answer, the logical conclusion must be that if he fails to avail himself of the means provided he has waived the effect of his responsive answer."

Taking the averments of the petition for the allowance of an appeal nunc pro tunc as true, we conclude it would be unjust not to allow it. This allowance is not a matter of indulgence. Counsel for defendant in the judgment was indeed diligent. He was lulled into a sense of false security by the representations and promises of the justice of the peace. It is accepted law that if without fault of his, a party desiring to appeal from a judgment of the justice of the peace is prevented from so doing by the act of the latter, an appeal may be allowed nunc pro tunc if asked for in a reasonable length of time: Ambrose v. Laughlin, 81 Pa. Superior Ct. 437, 439; Shoup v. Worstell, 15 Beaver 7.

Under the circumstances here present, we make the following:

### Order

And now, August 19, 1957, it is ordered and decreed:

1. Defendant's motion to strike the judgment from the record be refused.

2. Defendant's motion to have the judgment opened be denied.

3. Defendant's application for allowance of the appeal nunc pro tunc be granted.

4. It is further directed that the temporary stay of execution heretofore granted remain effective until further order of this court.

Appropriate exceptions are noted for the parties in interest.