## Christ v. United States Aviation Underwriters, Inc.

*Boyd H. Walker*, for plaintiff.

*Harold W. Helfrich* and *David G. Wetty*, for defendant.

Koch, J., December 2, 1958.—Plaintiff alleged in this action in assumpsit that defendant issued to him an Aircraft Liability Policy, a copy of which was attached to and made a part of the complaint, by which plaintiff was insured against all sums which he should become legally obligated to pay as damages because of injury to or destruction of property. It is further alleged that a judgment in the sum of $1,000 had been recovered against plaintiff by one Stanley Heckman as of no. 222, September term, 1957, in this court and that the United States Aviation Underwriters, Inc., defendant in the case at bar, refused either to defend plaintiff or pay the judgment subsequently entered. The complaint seeks the recovery of the amount of the judgment and the sum of $75 for counsel fees.

The complaint was served by the Sheriff of Lehigh County on defendant "by handing to Charles A. Milson, personally, an adult, whose relationship to the defendant is that of Agent . . . in the County of Lehigh. . . ." Thereafter, defendant filed preliminary objections challenging the jurisdiction of this court, alleging inter alia, that Charles A. Milson was not its agent in Lehigh County, that defendant had no agents whatsoever in Lehigh County or in Pennsylvania and that defendant did not conduct business either in this county or the Commonwealth.

Plaintiff filed an answer to these objections denying the allegations of the preliminary objections and made

the affirmative averment that Charles A. Milson was not only the agent of defendant, but in fact sold the policy in issue to plaintiff. Subsequent to the filing of the answer, defendant amended the preliminary objections by adding a demurrer thereto.

The disposition of these preliminary objections arises by virtue of plaintiff, respondent herein, having placed the matter upon the argument list. No depositions were taken in support of the facts not of record.

Defendant contends that respondent, by ordering this cause for argument, has admitted the allegations of fact appearing in his petition and that consequently this court does not have jurisdiction. It is urged that this result follows from the provisions of Pa. R. C. P. 209, which provides as follows:

"If, after the filing and service of the answer, the moving party does not within fifteen days:

"(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

"(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule);

"the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in answer shall be deemed admitted for the purpose of the rule."

In an excellent analysis of rule 209, President Judge Sheely in Price v. Jordan, 76 D. & C. 255, at 258, said:

"Pa. R. C. P. 209 clearly provides the result where petitioner lists the case for argument on petition and

answer and where respondent lists the case for argument after petitioner fails to proceed *after being ruled so to do*. The rule does not provide, however, for the situation of a respondent listing the case for argument on petition and answer *without first ruling petitioner to proceed*. Since Pa. R. C. P. 209 was adopted for the express purpose of modifying the rule stated in Rebic v. Gulf Refining Co., 122 Pa. Superior Ct. 149 (1936), it must follow that the Supreme Court intended that, except as modified, the rule stated in that case should continue in force: Pa. R. C. P. 127. If the rule prior to the adoption of Pa. R. C. P. 209 were otherwise than as stated in the Rebic case there would have been no occasion for the last sentence of Rule 209 and that sentence would be meaningless."

That court concluded, page 259, as follows: "Since Rule 209 provides a means by which respondent can list the case for argument without losing the effect of his answer, the logical conclusion must be that if he fails to avail himself of the means provided he has waived the effect of his responsive answer."

It is significant that in Price v. Jordan, supra, the court nevertheless refused to grant the relief sought (the opening of a judgment) and felt compelled to order petitioner to take depositions. The court was of the opinion that under Pa. R. C. P. 126 the court would have that power.

We entertain no doubt that plaintiff-respondent has made a procedural error by placing this issue on the argument list but we believe this to be a proper case in which to invoke the provisions of Pa. R. C. P. 126 which requires that the procedural rules be given a liberal construction with the object of securing a just, speedy and inexpensive determination of actions. See Author's Comment, 2 Anderson Pa. Civ. Pract. 25.

This is not the type of case where plaintiff's contention that Charles A. Milson was an agent is wholly

without merit. *The face of the record* establishes, at least on a prima facie basis, that Charles A. Milson was an agent. The copy of the policy attached to the complaint indicates that it was issued out of the office of Charles A. Milson. To deny to plaintiff an opportunity to establish that Mr. Milson *in fact sold* the policy would be an injustice and do violence to the pronouncement of the Supreme Court in McKay v. Beatty, 348 Pa. 286, where it was said:

"Procedural rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives. It is for this reason that Pa. R. C. P. No. 126 (332 Pa. lxvii) provides: 'The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.' "

Plaintiff-respondent in his brief concedes that he has made a procedural error and suggests that because of this fact, the burden of proceeding with depositions should fall upon him. Since the substantial rights of the parties will not be affected, we shall so order.

It becomes unnecessary to dispose of the demurrer at this time. When the case is properly on the argument list after depositions have been taken on the issues raised, we will then examine the contentions raised on that part of the preliminary objections.

*Order*

And now, December 2, 1958, defendant's preliminary objections are held under advisement and plaintiff is ordered to proceed with depositions within 30 days after service of this order upon his counsel. After depositions the case may be placed on the argument list on praecipe of either party.