## Branch v. DePaul

*Lawrence Goldberg*, for plaintiff.

*Victor L. Drexel* and *Henry T. Reath*, for defendants.

WEINROTT, J., April 6, 1959.—Plaintiff's action in trespass seeks damages for personal injuries suffered while riding as a passenger in an automobile operated by defendant, John DePaul. Also joined as defendants in the action were the operator of the other vehicle involved in the collision, Cornelius J. Foort, and his alleged employer, H. L. Yoh Co., Inc., and DePaul's employer, Lehigh Press.

Defendant Foort filed preliminary objections raising a question of jurisdiction contending that he was improperly served with process on the ground he resides in Delaware County where the collision occurred, and has no office or place of business in Philadelphia County.

The sheriff's return of service reads:

"SERVED AND MADE KNOWN TO Cornelius J. Foort the within named defendant on 4-22, 1958, at 10:30 o'clock A.M., Eastern Standard Time, by handing a true and attested copy of the within Complt. at 123 S. 2nd St., in the County of Philadelphia, State of

Pennsylvania, in the place of business of said defendant, to Arthur F. Mansfield, the person for the time being in charge thereof, who stated that his relationship to said defendant is that of Manager being unable to ascertain the residence of said defendant within said County upon inquiry at said place of business."

Service therefore was allegedly effected under Pa. R. C. P. 1009(b) which provides:

"(b) When the defendant is an individual, the writ of summons, or the complaint if the action is commenced by complaint, may be served . . .

"(2) by handing a copy . . .

"(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."

The question presented by defendant's preliminary objections is whether under the above cited provision, service of process may be effectuated upon an employe by service upon the person for the time being in charge of his place of employment.

The authors of Goodrich-Amram Civil Practice state that the prior practice regulating service at the "place of business" has been substantially changed. Service may now be made at "any office" or at "any usual place of business" of defendant. This is broader language than the prior provision for service at his "place of business." Cases under the prior practice had excluded places where defendant was employed but in which he had no propriety interest. This limitation, they state, has now been removed: 1 Goodrich-Amram Civ. Pract. 35, 36, §1009(b)-2.

The purpose of service is to assure that defendant will actually get knowledge of the commencement of the action against him and of his duty to defend. Delivery of the paper to his business address where it will be handled by persons associated with his business

activities is deemed a most effective way to assure such knowledge. Service at the place of business under the present rules is no longer subordinated to service at the residence, for such service may often be superior, as an effective means of imparting actual knowledge, to service by substitution at the residence. An employer will ordinarily convey to an employe all papers served upon him and will be more likely to apprise the employe of the significance thereof and the necessity to answer than would an adult member of the employe's household.

We have therefore concluded that a liberal construction of Pa. R. C. P. 1009(*b*) (2) (iii) permits service be effectuated upon an employe by service upon a person for the time being in charge of his place of employment.

Defendant Foort contends that he is employed as a chauffeur by the president of defendant, H. L. Yoh Co., Inc., at the residence of his employer in Delaware County. Plaintiff argues that defendant Foort is paid by a check of said defendant corporation issued at its place of business where he is carried on the books as a maintenance employe. Said corporation asserts that this is subsequently adjusted by a charge made against the personal account of the president of the corporation. We believe that defendant was in reality an employe of the corporation, but we need not and may not inquire into the true factual situation for in the absence of fraud, a sheriff's return full and complete on its face is conclusive upon individual parties resident in this State and cannot be set aside on extrinsic evidence: 1 Standard Pa. Practice 493 §116; Vaughn v. Love, 324 Pa. 276; Kane v. Travis, 172 Pa. Superior Ct. 220. These principles have been specifically applied where service has been made on the person in charge of defendant's place of business: Rittenberg v. Stein, 97 Pa. Superior Ct. 554.

While some cases have attempted to limit this rule to facts of which the sheriff can have personal knowledge, this qualification is generally disapproved: Amram's Common Pleas Practice, 6th Ed. page 35. In 1 Goodrich-Amram Civ. Pract. 50, §1013(b)-2, the sanctity of the sheriff's return is discussed. Therein the authors state that the earlier draft of the proposed rules circulated by the committee included suggestions for modification of the prior practice relating to an attack upon the sheriff's return. These proposals would have removed the sanctity from the return as to certain limited statements which would not necessarily be matters of which the sheriff could have adequate first hand knowledge. The final draft as approved by the Supreme Court eliminated all reference to this problem, and the prior practice remains unchanged and therefore the sanctity of his return is preserved by the rule. See Kane v. Travis, supra, wherein the law governing the conclusiveness of the sheriff's return is firmly reasserted.

The principles supporting the conclusiveness attributed to the sheriff's return are discussed in detail in Vaughn v. Love, supra. It is sufficient to state that the conclusiveness is preserved to lend finality to a judgment.

Considering this matter on a purely equitable basis, it is obvious in the instant case that the purpose of service has been fully consummated. Defendant is in court and has notice of the pending suit with an opportunity to defend. He seeks, however, by this technical objection, to have one segment of the case tried in another county. The action which he seeks to sever by this procedure involves common questions of law and fact. The same parties and witnesses must again be called to testify in the adjoining county. Certainly, in times of crowded dockets resulting in long delays, this court cannot condone a technical device which invites

multiplicity of suits, further congestion in the courts and hardship on litigants and witnesses.

Our research fails to disclose any appellate authority in this Commonwealth permitting an attack upon the conclusiveness of the sheriff's return where it is full and complete on its face and service has been made upon an individual defendant resident within this Commonwealth.

We conclude, therefore, that the service of process in this case was proper and that the preliminary objections of defendant, Cornelius J. Foort, should have been dismissed and have heretofore entered such order.