Stebbins *v.* Dukich (et al., Appellant).

Argued November 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*Paul D. Shafer, Jr.,* with him *Shafer & Shafer,* for appellant.

*Stuart A. Culbertson,* with him *Paul E. Allen,* for appellee.

OPINION BY WRIGHT, J., December 12, 1962:

We are here concerned with an appeal by Stephen Du Kaich from an order of the Court of Common Pleas of Crawford County discharging a rule to show cause why a writ of execution should not be dismissed. The factual and procedural situation is set forth in the following excerpt from the opinion below:

"On June 4, 1940, Byron W. Stebbins confessed judgment on a judgment note payable to him against the maker Joe Dukich in the Court of Common Pleas of this county. The note which apparently was executed by mark was dated July 1, 1938 or 1939 (the date is not clear) in the sum of $252.50 payable eighteen months after date.

"More than eight years later; to wit: on December 3, 1948, Mr. Stebbins, acting through his attorney, the late J. E. Bossard, Esquire, filed a writ of scire facias to revive the judgment. The praecipe directed that the writ issue against Joe Dukich, defendant, with notice to Joseph DuKaich and Mary DuKaich, terre tenants.

"The writ and the complaint, which makes no mention of the terre tenants, was duly served by the sheriff who made the following return:

'Served the within Sci. Fa. To Revive Judgment, together with certified copy of Complaint on Revival of Lien of Judgment, personally, upon Joe Dukich, defendant, and also upon Joseph Dukaich, as terre tenant, on December 3, 1948, at 4:15 o'clock p.m., at his residence in Spring Township, Crawford County, Pa., by handing to him a true and attested copy of the within Sci. Fa. To Revive Judgment, together with certified copy of Complaint on Revival of Lien of ,Judgment and making contents of same known to him.

'Also Served the within Sci. Fa. To Revive Judgment, together with certified copy of Complaint on Revival of Lien of Judgment, personally, upon Mary Du-

Kaich, terre tenant, on December 3, 1948, at 4:15 o'clock p.m., at her residence in Spring Township, Crawford County, Pa., by handing to her a true and attested copy of the within Sci. Fa. To Revive Judgment, together with certified copy of Complaint on Revival of Lien of Judgment and making contents of same known to her.'

"Thereafter on June 17, 1949, Attorney Bossard filed a praecipe with the Prothonotary directing him to enter judgment against the said Joe Dukich, defendant and Joseph DuKaich and Mary DuKaich, terre tenants, for failure to enter an appearance and failure to file an answer to the complaint and the judgment was duly entered.

"On the same date, Mr. Bossard filed a suggestion of the death of the plaintiff Byron Stebbins and the appointment of Emma E. Stebbins, Executor of his will which was probated in the office of Register of Wills.

"Approximately five years thereafter, on June 15, 1954, the substituted plaintiff, through Attorney Paul E. Allen, filed another writ of scire facias to again revive the judgment and again the praecipe directed that the writ be issued to revive the judgment with notice to Joseph DuKaich and Mary DuKaich, terre tenants. The writ together with the complaint was served by the sheriff who made the following return:

'Served and made known to Joe Dukich personally, the within named defendant, who is also Joseph Dukaich, the within named terre tenant, by handing a true and attested copy of the within Sci. Fa. To Revive Judgment, also copy of Complaint to him, on June 21, 1954 at 3:10 o'clock p.m., Eastern Daylight Time, at his residence, R. D. #3, Conneautville, situate Cussewago Township, in the County of Crawford, State of Pennsylvania.'

"Plaintiff's counsel waited more than three and one-half years before doing anything further, but nevertheless, within the five year period; to wit: on January 15, 1958, a praecipe for judgment was filed for want of an appearance and answer and on that same day judgment was duly entered against the defendant and terre tenants.

"Thereafter the writ of execution with which we are presently concerned was issued on March 17, 1961 against Joe Dukich, Joseph DuKaich and Mary Du-Kaich, defendants, and Stephen DuKaich, terre tenant. As a result the sheriff has made a levy on the property of the said Stephen DuKaich who has now filed this petition to dismiss the writ of execution.

"In his petition he set forth that he is the owner of said land situate in Cussewago Township, against which the foregoing writ of execution was issued. He further alleged that this land was conveyed to him by deed of Joseph DuKaich, widower, on November 1, 1955; that the property was conveyed to Joseph DuKaich and Mary DuKaich, his wife, by deed dated October 9, 1935 and became vested in the said Joseph DuKaich upon the death of his wife on October 23, 1952. He then alleged that at no time since October 9, 1935 has the property been vested in the name of Joe Dukich and that at no time since October 9, 1935 has any instrument been executed by any person holding title which granted a lien in favor of the plaintiff. He, therefore, prayed that the writ of execution be dismissed insofar as his property is concerned.

"Thereafter the plaintiff then filed an answer to this petition in which she admitted the averments of the petition insofar as the petitioner's title to the real estate is concerned, but absolutely denied the allegation that her judgment was not a lien on the premises and in support of her denial set forth the proceedings which we listed above at the outset of this opinion.

Thereafter the petitioner Stephen DuKaich filed a deposition taken under the provisions of Rule 4003(b) of the Rules of Civil Procedure, and the matter is now before us for disposition".

Appellant's first contention is stated as follows: "Where the invalidity of the sheriff's return is admitted, it cannot be relied upon as evidence". This contention is based on the circumstance that appellee placed the case on the argument list in the court below without first obtaining a rule to show cause in accordance with Pa. R. C. P. No. 209. He takes the position that appellee thereby admitted the averments set forth in his petition to dismiss the execution, citing *Price v. Jordan,* 76 Pa. D. & C. 255: *Beachel v. Hile,* 12 Pa. D. & C. 2d 606, and *Christ v. U. S. Aviation Underwriters,* 17 Pa. D & C. 2d 138. It is important to note that Pa. R. C. P. No. 209 is permissive, not mandatory. It provides that the respondent "may" rule the moving party to show cause why he should not take depositions. It should also be noted that, prior to the time of argument, appellant did take depositions. As we view the case, it then became necessary for the hearing judge to determine whether the depositions supported the allegations of the petition. This is exactly what President Judge Moōk did, finding that the "testimony falls far short of actual proof that Joe Dukich and Joseph Du Kaich were not the same person". Since appellant's own evidence failed to substantiate the averments of his petition, it would be unjust to interpret Pa. R. C. P. No. 209 in the technical manner for which appellant contends. As pointed out by our Supreme Court in *McKay v. Beatty,* 348 Pa. 286, 35 A. 2d 264, procedural rules are not ends in themselves, but only means whereby justice is administered. And see Pa. R. C. P. No. 126. Appellant also cites *Vaughn v. Love,* 324 Pa. 276, 188 A. 299, and *Bujniewicz v. Norway Service Cleaners,* 404 Pa. 328, 171 A. 2d 761, but these

cases are not here controlling. In the absence of fraud, a sheriff's return, full and complete on its face, may not be contradicted by either party to the action: *Kane v. Travis*, 172 Pa. Superior Ct. 220, 92 A. 2d 902, or questioned collaterally by one not a party to the proceeding: *Morris v. Bender*, 317 Pa. 533, 177 A. 776.

Appellant's second contention is stated as follows: "The sheriff went beyond the requirements of his writ in his 1954 return of service, and it therefore may be contradicted". He cites the early case of *Hopkins v. Forsyth*, 14 Pa. 34, wherein it was held that an averment by the sheriff in his return to a writ of fieri facias, that he had paid over the money in contest, was not a response to the writ and did not estop the plaintiff from showing the truth. It is argued that the sheriff's averment in his return to the 1954 writ of scire facias that Joe Dukich was one and the same person as Joseph Du Kaich, was "outside the exigencies of his writ", and therefore not conclusive. We are not in accord with this argument. "Among the facts recited in a return which have been declared to be conclusively established thereby are included statements . . . of the person to whom the copy of the writ was presented": 1 Standard Pennsylvania Practice 674. In the case at bar, the description by the sheriff was in the nature of an identification of the defendant in the writ, rather than something outside the needs of the return. It was an essential averment as to the person upon whom service was actually made. Howbeit, even if we assume arguendo that appellant could contradict the sheriff's averment as to identity, the burden was upon him to do so. He entirely failed to sustain that burden.

In conclusion, it should be noted that two writs of scire facias were issued and served on Joseph Du Kaich. If there was any question that he and Joe Dukich were not one and the same person, he had ample opportunity to come into court and offer proof thereof. We also

cannot overlook the fact that the judgment was a matter of record in 1955 when Joseph Du Kaich sold appellant the property. The "grave injustice" of which appellant complains results from his admitted failure to have the title examined at the time of purchase.

Order affirmed.