## Houck v. Houck

*Albert Foster*, for plaintiff.

MACPHAIL, P. J., August 5, 1970.—In this divorce action, the master has recommended that a decree be granted on the grounds of desertion. The testimony in the case will sustain the master's recommendation. However, we feel that there is a serious question involving the jurisdiction of the court over defendant.

It will be observed that the name of defendant against whom the action was commenced is "John W. Houck, Jr." In order to obtain jurisdiction over the person of defendant whose residence was alleged in the complaint to be Six Mile Run, Bedford County, Pa., the Sheriff of Fulton County deputized the Sheriff of Bedford County. The sheriff's return from Bedford County states that on March 16, 1970, he served the complaint in divorce on "John W. Houck" in "Coaldale Borough (Six Mile Run, Pa.)." The

discrepancy in the sheriff's return apparently was not discovered, since no mention is made of it in the testimony or in the master's report. Defendant did not appear in the case either personally or by counsel.

These circumstances present the question of whether the court has jurisdiction over the person of defendant. We think the answer must be in the negative.

In the absence of fraud, a sheriff's return, full and complete on its face, cannot be contradicted by either party to the action in which it was made: Kane v. Travis, 172 Pa. Superior Ct. 220 (1952). See also Goodrich-Amram §1013(b)-1, 2. However, it has been held that a sheriff's return is *not* conclusive on the question of the identity of the person named: Ehnes v. Wagner, 85 D. & C. 557 (1953). The question of identity may be raised at any time by one against whom the liability is asserted, unless it appears affirmatively from the evidence that defendant actually lived at the place where the service was made: Ehnes v. Wagner, supra. In other words, if it appears from the evidence that defendant was *actually* served, albeit under a misnomer, the general rule applies and the sheriff's return cannot be attacked: Martz v. Gingell, 37 D. & C. 429 (1940). Here, however, there is nothing to indicate that defendant was actually served. From the record it appears that service was made in a community rather than at a specific address. For all that now appears in the record, John W. Houck, Jr. was never served in the within action.

Since jurisdiction over the person of defendant in this case is uncertain at best, the matter must be referred back to the master for a clarification. The sheriff may amend his return if, in fact, he served John W. Houck, Jr.: Reihart v. Hess, 59 D. & C. 417 (1947). Of course, if the sheriff did not serve the defendant named in the complaint, then the com-

plaint must be reissued and proper service effected.

## ORDER

And now, August 5, 1970, for the reason set forth above, the within case is referred back to the master for further proceedings consistent with the foregoing opinion.