Rittenberg et al. *v.* Stein and Specht, Appellants.

Argued October 29, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Meyer Emil Maurer,* and with him *Mark Thatcher* and *Hirschwald, Goff and Davis,* for appellants.

*Jacob Weinstein,* for appellee, but no printed brief.

OPINION BY BALDRIGE, J., January 29, 1930:

These two appeals involve the same question. Each of the defendants complained that the lower court erred in discharging a rule to show cause why the sheriff's return of a writ of summons should not be set aside on the ground that he was not engaged in business at the place where process was served.

The sheriff's return of the writ is as follows:

"Served Louis Stein, the within-named defendant, on July 5, 1929, by handing a true and attested copy of the within writ at 1024 Race Street, in the City and County of Philadelphia, State of Pennsylvania, the place of business of said defendant, to Chas. Coll, the person for the time being in charge thereof, being unable to ascertain the residence of said defendant within the county upon inquiry at said place of business.

So answers,

George H. Ratin, Deputy Sheriff,
Thomas W. Cunningham, Sheriff."

556

(The sheriff's return as to P. A. Specht, the other defendant, was identical with the service on Louis Stein.)

If the return had been defective on its face, the appellants would be entitled to the relief that they sought: Shamokin L. & C. Co. v. Line Mountain Coal Co., 85 Pa. Superior Ct. 222. The return as it appears, however, is complete and in exact compliance with the Act of July 9, 1901, p. 614. It is conclusive and not subject, therefore, to attack for want of truthfulness by extrinsic evidence unless fraud is alleged and proven. If the return as made is false, the remedy is against the sheriff, or the court may permit the return to be amended. This question was very definitely decided in Keystone Telephone Co. v. Diggs, 69 Pa. Superior Ct. 299; Miller Paper Co. v. Keystone C. & C. Co., 267 Pa. 180. See also Industrial v. Sickler, 976 Pa. Superior Ct. 152.

Judgment is affirmed.