## Bujniewicz *v.* Norway Service Cleaners, Inc., Appellant.

Argued April 18, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Ralph S. Croskey,* for appellant.

*Elias Magil,* with him *Mullen & Pazulski,* for appellees.

OPINION BY MR. JUSTICE BELL, June 27, 1961:

Plaintiff filed a complaint in Philadelphia County in trespass against the corporate defendant, claiming damages for injuries resulting from an automobile accident in Delaware County. Defendant filed amended preliminary objections, in which it averred that its office was in Delaware County and that it never had an office or usual place of business in Philadelphia County. Plaintiff filed an answer in which it admitted or indicated that defendant's above-mentioned averments were true.

The sheriff's return of service stated that defendant corporation was served in Philadelphia County by handing a true and attested copy of the complaint to the person who for the time being was in charge of the place of business of defendant. Actually it was the home of the President and the woman was his wife. Prima facie, that return was regular on its face and sufficient to show a valid service on defendant. However, plaintiff's answer to defendant's amended preliminary objections admitted facts which showed or clear-

330

ly indicated that the service was improper, the sheriff's return was untrue, and the service was invalid.

Defendant appealed from the Order of the lower Court which dismissed defendant's amended preliminary objections. The question presented is a very narrow one.

Where, as here, the record shows on its face or it is formally admitted of record that the sheriff's return of service was false, it follows as a matter of law that the sheriff's service was invalid and must therefore be set aside.

Order reversed.