Hollinger *v.* Hollinger, Appellant.

474

Argued October 5, 1964. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Herbert F. Holmes, Jr.*, with him *Elston C. Cole*,
for appellant.

*Jerome E. Ornsteen,* with him *Ornsteen & Lunine,* for appellee.

OPINION BY MR. JUSTICE JONES, January 5, 1965:

The principal issue presented upon this appeal is the extent to which the return of service of a sheriff is deemed conclusive. This issue arises from the pleadings—the complaint and preliminary objections—in an intra-family lawsuit stemming from a motor vehicle accident.

The minor plaintiffs, passengers in a motor vehicle operated by their 20 year old aunt, Rita Hollinger, sustained personal injuries when the motor vehicle collided with a telephone pole in Fort Washington, Montgomery County. Seeking damages for the minor plaintiffs' injuries, the minor plaintiffs' parents—Rita Hollinger's brother and sister-in-law—instituted a trespass action against Rita Hollinger in Philadelphia County on the last day prior to the running of the statute of limitations. On behalf of Rita Hollinger, preliminary objections were filed which challenged the validity of the service purported to have been made on Rita Hollinger in Philadelphia County. The court below dismissed the preliminary objections and upheld the service: from its order this appeal has been taken.

The sheriff's return recited, inter alia, that service had been made by handing a true copy of the "writ to Mrs. Alvin Hollinger [another sister-in-law of Rita Hollinger], an adult member of the family of [Rita Hollinger] . . . on 1-2, 1962, at 3:40 o'clock P.M. . . . at 5537 N. Palethorpe St., in the County of Philadelphia, State of Pennsylvania, *the dwelling house* of said [Rita Hollinger]." (Emphasis supplied). Rita Hollinger's counsel contends, and the record unequivocally reveals, that the "dwelling house" and residence of Rita Hollinger was not and had never been at 5537 N. Palethorpe St., Philadelphia, and urges, therefore,

that the service was invalid. Appellees contend that, no matter how incorrect the sheriff's return may be in its statement that 5537 N. Palethorpe Street was the "dwelling house" of Rita Hollinger, the sheriff's return, in the absence of fraud, is conclusive and immune from attack.

Beyond any question, the record established these facts: (1) the accident took place in Montgomery County; (2) the residence of plaintiffs was in Bucks County; (3) on the date of accident, Rita Hollinger's residence was in Fort Washington, Montgomery County, and, on the date of service, Rita Hollinger resided in a convent in Merion, Montgomery County, where she had resided for approximately one and one-half years; (4) Rita Hollinger never resided at 5537 N. Palethorpe Street, Philadelphia, that address being the residence of Mr. and Mrs. Alvin Hollinger, Jr., brother and sister-in-law, respectively, of Rita Hollinger; (5) service at the Philadelphia residence was made at the suggestion of George T. Hollinger, minor plaintiffs' male parent, to Alvin Hollinger, Jr., his brother; (6) the statement in the sheriff's return that 5537 N. Palethorpe Street was the "dwelling house" of Rita Hollinger is untrue; (7) the Philadelphia address was a fictional address created for Rita Hollinger by the minor plaintiffs' male parent.

Our courts have long adhered to the rule that, in the absence of fraud, the return of service of a sheriff, which is full and complete on its face, is conclusive and immune from attack by extrinsic evidence: *Vaughn v. Love,* 324 Pa. 276, 278, 279, 188 A. 299, and cases therein cited; *Kane v. Travis,* 172 Pa. Superior Ct. 220, 222, 92 A. 2d 902; *Commonwealth v. Degillio,* 197 Pa. Superior Ct. 568, 571, 180 A. 2d 267. Despite the fact that the early history of this rule "is clouded by contradictions", that "all but eight states, of which Pennsylvania is one, have thrown off the old idea that

the return of a sheriff must be accepted as verity", that on occasions the rule has resulted in "exceeding hardship" and that we have "been somewhat inconsistent in our rulings relating to the return and the immutability of a record" (*Vaughn,* supra, pp. 279, 280), we have continued adherence to this rule because it has tended to the security of a record. Our experience with this rule has indicated that it is generally salutary and worthy of preservation; from this rule we do not depart. The difficulty in the case at bar is that the court below applied the rule to a situation to which it is inapposite.

The rule of conclusiveness of a return of service of process is based upon the presumption that a sheriff, acting in the course of his official duties, acts with propriety and, therefore, when the sheriff in the course of such official duties makes a statement, by way of an official return, such statement is given conclusive effect. However, both logic and common sense restrict the conclusive nature of a sheriff's return *only to facts stated in the return of which the sheriff presumptively has personal knowledge,* such as *when* and *where* the writ was served; when, in his official return, the sheriff states that he served a writ at a certain time and at a certain place, such facts are known to the sheriff personally and should be given conclusive effect. However, the immutability of a return should not extend (a) *to facts stated in the return of which the sheriff cannot be expected to have personal knowledge and which are based upon information obtained through hearsay or statements made by third persons or (b) to conclusions based upon facts known to the sheriff only through statements made by others.* When a sheriff's return states that a certain place is the *residence* or *dwelling house* of the defendant, such statement is not of a matter ordinarily within the personal knowledge of the sheriff but only a statement based

upon that which he has been *told* by other persons, i.e., he had been instructed by a third person to make service at a certain place which he is *told* is the residence or dwelling house of the defendant. No sound reason exists for giving a conclusive effect to a statement in the sheriff's return as to a fact or conclusion which arises not from the sheriff's own personal knowledge or observation but from information given him by other persons. In the case at bar, no attack is permissible upon the statements in the sheriff's return that he served this writ at a certain specified time at 5537 North Palethorpe Street, Philadelphia, but the rule does not preclude an attack upon the statement in the return that 5537 North Palethorpe Street, Philadelphia, was the *dwelling house* or *residence* of Rita Hollinger.[1]

---

[1] Other jurisdictions have reached the same conclusion. In *Cannon v. Time, Inc.*, 115 F. 2d 423, 426 (4th Cir. 1940), Judge PARKER said: "Little need be said as to plaintiff's contention that the officer's return is conclusive. The statement in the return, that the person served was an agent of the defendants, was nothing more than the officer's conclusion; and the contention that the court is bound by such conclusion on a motion to quash the return, is so manifestly unsound as not to warrant discussion. [citing cases]. Many troublesome jurisdictional questions could be solved very easily if the return of the process officer were accepted as conclusive. The courts, however, may not thus abdicate the judicial function to the server of process." In *Great Western Mining Co. v. Woodmas of Alston Mining Co.*, 12 Colo. 46, 20 P. 771, 779, the Court said: "There is both reason and authority for holding that there is a wide distinction to be drawn between the recital in the officer's return of matters presumptively within his personal knowledge and the recital of matters, . . ., not presumptively within such knowledge." In *State of New Jersey v. Shirk*, 75 Ind. App. 275, 127 N.E. 861, 863, it was stated: "The return however, is not conclusive as to collateral facts or matters not necessary to the return, or which are not presumptively within the personal knowledge of the officer, and this includes such facts as the usual place of residence of the person served . . . ." See also: *Carr v. Commercial Bank of Racine*, 16 Wis. 50; *Bond v. Wilson*, 8 Kan.

In *Bujniewicz v. Norway Service Cleaners, Inc.,* 404 Pa. 328, 171 A. 2d 761, we recently set aside a sheriff's return of service where it was admitted, by way of answer to preliminary objections, that the sheriff's return, which stated that the defendant corporation was served by handing a copy of the complaint to the person in charge for the time being of the defendant corporation's place of business in Philadelphia, was incorrect in that the place of service was actually the home of the defendant corporation's president and the person served was the wife of such president. In the case at bar, it is *uncontradicted* upon this record that the place of service in Philadelphia was not the residence or dwelling house of Rita Hollinger. *Bujniewicz'* rationale is in line with our instant ruling. To the extent that *Commonwealth v. Degillio,* supra, may conflict with our present ruling it is overruled.[2]

228, 12 Am. Rep. 466; *Abelson v. Steffke Freight Co.,* 1 Ill. App. 2d 461, 118 N.E. 2d 26; *Walker v. Lutz,* 14 Neb. 274, 15 N.W. 352; *Tilden v. Johnson,* 60 Mass. 354; *Grady v. Gosline,* 48 Ohio St. 665, 29 N.E. 768; 124 Am. St. Rep. 756, 759, 766; cases collected in *Shirk,* supra, p. 863.

[2] Our case law, recognizing that by the application of the rule an injustice may be done, suggests the availability of another remedy to any party aggrieved by the application of the rule. As we said in *Morris v. Bender,* 317 Pa. 533, 536, 177 A. 776: "If it [the sheriff's return] is false, the only remedy by one who has been injured thereby is by an action against the sheriff for a false return: [citing a case]:". In the instant case, no other remedy than an attack upon this return is available to the party aggrieved. It is crystal clear upon this record that a fictional address for the purpose of service was created by an arrangement between the male guardian-parent of the minor plaintiffs vis-a-vis the brother who resided at the Philadelphia address so as to permit institution of suit in Philadelphia, rather than Montgomery, County. Through the employment of such fictional address, it is clear that the sheriff acted upon untrue information and, under the circumstances, the rule of conclusiveness of the sheriff's return should be inapplicable. The sheriff in the instant case acted in a bona fide manner and was "duped", through the creation of a

Two contentions are made by appellees which, by reason of their amazing nature, require answer. In the first place, appellees suggest that the real party in interest is not Rita Hollinger but her insurance carrier and, therefore, urge that it is unimportant whether Rita Hollinger did or did not reside at the Philadelphia address. That suggestion is based upon matters *outside the record,* a resort to which is not countenanced by this Court. But, even if such was a matter of record, the conclusiveness of a sheriff's return should not be made dependent upon the capacity of the person attacking the return. In the second place, the suggestion is made that it is of no consequence whether this suit is instituted in Montgomery or Philadelphia County. Such suggestion directly contravenes Rules of Civil Procedure promulgated by this Court. An action against an individual may be brought *only* in the county in which he or she may be served: Pa. R. C. P. 1006.[3] Rita Hollinger was not *personally* served and, in the absence of such personal service, she could be served only, under Rule 1009(b)(2)(i), by handing a true copy of the writ to an adult member of the family, with whom she resided, *at her residence.* Therefore, unless the address in Philadelphia County was the bona fide residence or dwelling house of Rita Hollinger, under our Rules suit could not be instituted in Philadelphia County. The *real reason* for the institution of this action in Philadelphia, rather than Montgomery County is certainly not obscure.

Appellees lastly urge—upon the basis of depositions which were not before the court below[4]—that,

---

fictional address by third persons, to make an improper service and a false return; under such circumstances, the pursuit of a remedy against the sheriff would be vain.

[3] This rule applies to actions of trespass under Pa. R. C. P. 1042.

[4] Appellees' brief, p. 8.

since Rita Hollinger at the time of the alleged service was a minor, then resident in a convent from which she could not depart, her mother had the authority to act on her behalf and to acquiesce for and on her behalf in service upon her at the fictional address in Philadelphia. Pa. R. C. P. 2029(a), provides for service of original process upon a minor defendant in the same manner prescribed for service of such process upon an adult defendant. In the absence of a guardian, neither the mother nor father of a minor can act for the minor in arranging for service of original process at a fictional address. Such is the rationale in our case law: *Mitchell v. Spaulding,* 206 Pa. 220, 224, 55 A. 968; *Swain v. Fidelity Ins. Trust & Safe Deposit Co.,* 54 Pa. 455, 459. Such contention of appellees is without merit.

The court below erroneously applied the rule as to the conclusiveness of a sheriff's return. The employment of this rule in sustaining a fictional address at which service could be made in Philadelphia would be an unwarranted application of the rule, the result of which would be a disregard both of the letter and the spirit of those Rules of Civil Procedure which provide for the service of original process.

To apply the rule of conclusiveness of a return in the case at bar brings to mind that which was said by Justice HUNT in *U. S. v. Reese,* 92 U.S. 214, 243: "I cannot but think that in some cases good sense is sacrificed to technical nicety, and a sound principle carried to an extravagant extent."

Order reversed.

———

CONCURRING OPINION BY MR. CHIEF JUSTICE BELL:

I agree with the reversal and with much that is said in the Opinion of the Court, but I would go much further. It is unrealistic and ridiculous to continue to hold that, in the absence of fraud, a sheriff's return

is *conclusive* as between the parties. The majority concedes that the effect and result of this rule will often produce injustice and create a very large liability on the part of a defendant who in actuality was never served, but was falsely or erroneously reported to have been served with the challenged paper. It is also a matter of common knowledge that a suit against a sheriff for damages resulting from a false return would often fail to provide an adequate remedy. In attempting to remedy this situation which is fraught with possible hardship and gross injustice, we are confronted, inter alia, with two lines of cases which present an irreconcilable conflict. See: *Vaughn v. Love,* 324 Pa. 276, 188 A. 299, infra.

Findings of fact by a Judge without a jury, and findings of fact by a Chancellor, and special findings of a jury, are *not conclusive*; the testimony of lay and expert witnesses to a will or a deed is *not conclusive;* the actions, orders and resolutions of an administrative body and the Acts and Resolutions of a Legislature, and of Congress, and the acts, orders and decisions of a Mayor, a Governor, and even of the President of the United States (*Youngstown Sheet and Tube Co. v. Sawyer,* 343 U.S. 579), are *not conclusive or sacrosanct.* All of these can be and often are questioned, challenged, reviewed and overruled or reversed or changed by a Court. Indeed, the carefully considered judgment, order, decision or decree of the highest Court of every State in the Land is not conclusive, but is subject to challenge, review and reversal or modification by the Supreme Court of the United States. Moreover, a decision or order or decree of a lower Court or of an administrative body which a Legislative Act provides "shall be final and conclusive and no appeal will lie therefrom", is nevertheless appealable and reviewable and reversible by the Supreme Court of Pennsylvania on certiorari.

When the findings and/or the acts, orders, decrees and decisions of the highest Legislative bodies and the highest Public Officials in our Country and the orders and judgments of the highest Court in each State can be challenged, reviewed and set aside, is it not anomalous and ridiculous to hold that the return of a sheriff or deputy sheriff—whose responsibility, reliability and (generally speaking) competence and intelligence, are apt to be of a far lower order than that of a Congressman, or a Judge, or a Governor, or the President of the United States, all of whom are higher in the Governmental scale—is conclusive and unchallengeable and unchangeable except for fraud!

Furthermore, prior decisions of this Court holding that the return of a sheriff (or a deputy sheriff) is absolutely conclusive between the parties*—in the absence of fraud—(1) are in conflict inter se; and (2) are irreconcilable with prior decisions of this Court which hold that a lower Court has a discretionary power *to open a judgment*\*\* (usually a default judgment) where the basis for the opening of a judgment is a false or erroneous or incomplete sheriff's return.

In *Vaughn v. Love,* 324 Pa., supra (pages 279, 280), the Court first said that in the absence of fraud, a sheriff's return was conclusive but then held it was not conclusive if the defendant was a nonresident of Pennsylvania. The Court further said: "The early history of the rule [conclusiveness of a sheriff's return] is clouded by contradictions. Because of its strictness, all but eight states, of which Pennsylvania is one, have thrown off the old idea that the return of a sheriff must be accepted as verity . . . and occasionally we

---

\* See: *Miller Paper Co. v. Keystone C. & C. Co.,* 267 Pa. 180, 110 A. 79.

\*\* The instant case arose on preliminary objections; depositions were thereafter taken in an attempt to avoid a sheriff's return because of its falsity.

have been somewhat inconsistent in our rulings relating to the return and the immutability of a record." Cf. also: *Minetola v. Samacicio,* 399 Pa. 351, 160 A. 2d 546; *Bujniewicz v. Norway Service Cleaners, Inc.,* 404 Pa. 328, 171 A. 2d 761; and especially the rationale of those cases; also, *Park Brothers & Co. v. Oil City B.W.,* 204 Pa. 453, 54 A. 334, and *Payne v. East Liberty Spear Co.,* 132 Pa. Superior Ct. 278, 200 A. 924, which held that a sheriff's return was not conclusive if it was not full or explicit.

We should apply our knowledge and common sense to this practical situation and have the courage and wisdom to recognize and admit that the *unchallengeable conclusiveness* of the return of the sheriff or deputy sheriff at times makes a mockery of justice, and we should abolish *prospectively* that rule. A sheriff's return should be no more conclusive or sacrosanct, indeed it should be far less conclusive, than the findings and acts of any of the highest Public Officials in the situations hereinabove mentioned.

For each and all of these reasons I would reverse the Order of the lower Court and I would lay down the rule *prospectively*\* that in the absence of fraud, the return of a sheriff is prima facie evidence of the facts which are set forth in and by the return, but

---

\* For those few who, like the writer, are concerned about the preservation of the principle of Stare Decisis, I point out that this proposed prospective rule is not a violation or a weakening of that principle. It falls within *each* of three exceptions to that principle: (1) Where a rule has been often questioned and fluctuatingly applied; (2) where the prior decisions are irreconcilable; and (3) where it has created injustice, and no one's personal rights or vested property interests will be injured by the change. For a detailed discussion and exposition of the principle of Stare Decisis and its exceptions, see my Concurring Opinion in *Michael v. Hahnemann Medical College & Hospital,* 404 Pa. 424, 172 A. 2d 769, and my Dissenting Opinion in *Olin Mathieson Chemical Corporation v. White Cross Stores, Inc.,* 414 Pa. 95, 199 A. 2d 266.

can be overcome by evidence which is clear and convincing.

DISSENTING OPINION BY MR. JUSTICE COHEN:

By preliminary objections the defendant-appellant, Rita Hollinger, seeks to set aside the service of a complaint in trespass. The sheriff's return states, inter alia, that Rita Hollinger was served by handing a copy of the writ to an adult member of the family at the dwelling house of the defendant in Philadelphia County. The preliminary objections state that defendant resides in Montgomery County and that therefore the service in Philadelphia County was improper. The lower court dismissed the objections.

The sheriff's return, on its face, was complete and regular in all respects. It has long been the rule of this Commonwealth that in such circumstances the sheriff's return is conclusive as between the parties. *Miller Paper Co. v. Keystone Coal & Coke Co.*, 267 Pa. 180, 110 Atl. 79 (1920). See *Vaughn v. Love*, 324 Pa. 276, 188 Atl. 299 (1936) and *Commonwealth v. Degillio*, 197 Pa. Superior Ct. 568, 180 A. 2d 267 (1962). Defendant attempts to avoid application of this rule by contending that fraud, trickery or other artifice was employed to secure the sheriff's return. We agree with the lower court that the record would not support such a finding. Defendant also attempts to bring her case under *Bujniewicz v. Norway Service Cleaners, Inc.*, 404 Pa. 328, 171 A. 2d 761 (1961) wherein service was set aside because the answer to the preliminary objections in that case contained an admission that the sheriff's return was false. Such is not the case here.

If defendant was injured by any impropriety of the sheriff her remedy is against him. *Morris v. Bender*, 317 Pa. 533, 177 Atl. 776 (1935), *Rittenberg v. Stein*, 97 Pa. Superior Ct. 554 (1930).

I do not think the majority fully appreciates the vast implications of their new rule. While in a few instances an injustice may result by adherence to the old rule (which may be remedied) that, in my mind is not sufficient to set aside a rule of law that in the past has insured stability and certainty to our legal procedures. It would do less harm were the majority to find fraud and retain the sound rule of conclusiveness.

I dissent.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent and would affirm the court below on the ground that the parent and natural guardian of the minor daughter arranged for and acquiesced in the service of process. The insurance carrier has no more right to challenge this service than it would if the minor daughter herself accepted service or caused a general appearance to be entered on her behalf.

Under my view, there is no need to deal with the conclusiveness of the sheriff's return.