## Clark v. Yellow Cab Company of Philadelphia

*Stanley M. Poplow*, for plaintiff.

*Bernard J. Smolens*, for defendant.

*William L. Meritz*, for additional defendant.

SPAETH, J., January 23, 1968.—

## HISTORY AND NATURE OF THE CASE

On September 13, 1967, defendant filed a complaint to join Samuel Mbugua as additional defendant. On November 28, 1967, Mbugua filed preliminary objections attacking the court's jurisdiction, upon the ground that the service of the complaint upon him was improper. According to the preliminary objections, the complaint was left in a mail rack at 4445 Sansom Street, Philadelphia, Pa., which, it is alleged, was not such personal service as is required by Pennsylvania Rule of Civil Procedure 1009. The preliminary objections pray that the sheriff's return and the complaint to join an additional defendant be dismissed. As the preliminary objections were not endorsed with notice to plead, no answer to them was required (Pa. R. C. P. 1017(a), 1026, and 1041) and defendant did not file one.[*]

---

[*] Pa. R. C. P. 1029(d) provides that "Averments in a pleading to which no responsive pleading is required shall be deemed to be denied". Assuming that this rule applies to instances where a responsive pleading is not required, because the preceding pleading is not endorsed with notice to plead, it would appear that the averments in additional defendant's preliminary objections are to be regarded as denied by defendant. It might also be concluded that this denial by defendant must be taken as true, since additional defendant, without taking depositions, ordered the preliminary objections down for argument. See Pa. R. C. P. 209(b). A contrary conclusion is reached in 1 Goodrich-Amram, §1028(c)-2, (Supp. 1967), where it is stated that if a preliminary objection contains factual averments but is not endorsed with notice to plead, the proceedings are "abortive" unless the court orders the respondent to answer, citing Dorfman v. Young Adjustment Co., 9 Lebanon 96 (C.P. Lebanon Co., 1962). The question need not be resolved, for even if the averments in the preliminary objections are assumed to be true, the preliminary objections, as will appear, must be dismissed. The question is noted, however, as the court often receives preliminary objections averring facts but not endorsed with notice to plead.

## DISCUSSION

Pa. R. C. P. 1009 (b) (2) (ii), made applicable to actions in trespass by Pa. R. C. P. 1041, permits personal service of a complaint by handing a copy "at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which [the defendant] resides . . ." Here, the sheriff's return states that the complaint to join additional defendant was served on a "female" who refused to give her name but was "the manager/clerk of the place of lodging in which said defendant (earlier named in the return as Samuel Mbugua) resides". The return, therefore, recites service in compliance with Pa. R. C. P. 1009 (b) (2) (ii).

Absent fraud, which additional defendant does not aver, the only attack that may be made upon the return, is with respect to facts not within the sheriff's personal knowledge. See, e.g., Hollinger v. Hollinger, 416 Pa. 473, 477, 206 A. 2d 1, 3 (1965). For example, the preliminary objections could have challenged the recitation in the sheriff's return that the place of service was Mbugua's residence, or the recitation that the unnamed female was the "manager/clerk" of the residence, Here, the preliminary objections only allege that the complaint was "left . . . in a mail rack", i.e., that the complaint was not left with a person. Whether the complaint was left with a person, however, is a fact of which the sheriff does have personal knowledge. Accordingly, as to that fact, additional defendant may not attack the sheriff's return.

## ORDER

And now, January 23, 1968, the preliminary objections are dismissed. Additional defendant is allowed 20 days within which to answer the complaint.