## Carrero *v*. Self Drive It Corp., Appellant.

Argued March 19, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Louis Kattelman,* for appellant.

*Raymond M. Victor,* for appellee.

OPINION PER CURIAM, September 11, 1969:
Order affirmed.

---

DISSENTING OPINION BY MONTGOMERY, J.:

I am dissenting from the affirmance of the lower court's refusal to open the judgment in this case because I think that the appellant, Self Drive It Corporation, not only has averred a valid defense against the original judgment, but also has established impressive equitable considerations therefor, as required for relief. *Richmond v. A. F. of L. Medical Service Plan of Philadelphia,* 415 Pa. 561, 204 A. 2d 271 (1964).

The appellant denies that it had notice of the suit against it until the president of appellant corporation was personally served at his residence with a subpoena in aid of execution on the judgment which he here seeks to have opened. However, the appellee contends that proper service on Self Drive It Corporation was made on December 13, 1963, by the sheriff, who served on Mr. Joseph F. Haggarty the summons in the trespass action upon which this judgment was based.

Since appellant has not alleged fraud as to the sheriff's return, it is conclusive. *Albert Einstein Medical Center v. Forman,* 212 Pa. Superior Ct. 450, 243 A. 2d 181 (1968). However, our Supreme Court has held that this conclusive nature of a sheriff's return is restricted only to facts stated in the return of which the sheriff presumptively has personal knowledge. The conclusiveness of a sheriff's return does not extend (1) to facts stated in the return of which the sheriff

cannot be expected to have personal knowledge and which are based upon information obtained through hearsay or statements made by third persons, or (2) to conclusions based upon facts known to the sheriff only through statements made by others. *Hollinger v. Hollinger,* 416 Pa. 473, 206 A. 2d 1 (1965). It follows, therefore, that appellant cannot attack the sheriff's return directly, but it could present evidence on the facts outside the personal knowledge of the sheriff.

I find such facts in the deposition of Mr. Haggarty taken by the appellant in support of its petition to open judgment. Mr. Haggarty testified that at the time he was allegedly served by the sheriff he was not employed by Self Drive It Corporation and that all references to the name of the company had been removed from its former place of business at the time he was served. Although service on Mr. Haggarty cannot be attacked, the other extrinsic evidence in the deposition should have been considered by the lower court under the authority of *Hollinger v. Hollinger,* supra.

Appellant contends that at the time it leased its automobile to the defendant, Drinkhouse, the automobile was not unsafe or defective, Drinkhouse was not its agent, servant or employe, and the statute of limitations had run when plaintiff reinstated the summons in this matter.

In my opinion appellant has done all that is required in these cases.

Therefore, I respectfully dissent.

SPAULDING and CERCONE, JJ., join in this dissenting opinion.