## Tyne v. Mamenko

*Thomas R. Kimmel*, for plaintiff.

*John A. Prodoehl, Jr.*, for defendants.

DIGGINS, J., April 15, 1970.—Plaintiff, George W. Tyne, commenced the instant action in assumpsit against defendants, Alex Mamenko and May Mamenko, his wife, alleging, inter alia, that defendants had sold to plaintiff a stolen vehicle, thereby breaking the warranty of title. The action was commenced on July 19, 1968, and, on July 31, 1968, the deputy sheriff filed returns of service to the effect that on July 29, 1968, he summoned defendants by serving a copy of the subject complaint upon one ". . . Sherry Mamenko . . . an adult member of [the] household . . ." On August 20, 1968, plaintiff entered a default judgment against defendants and damages were assessed in the amount of $4,992.07. Thereafter, a writ of execution was issued, and on September 30, 1968, defendants filed a petition to open and/or strike.

The matter was heard before the undersigned on December 16, 1969, at which time Sherry Mamenko was called as a witness by defendants. She testified

that she was 14 years of age at the time of the alleged service; that, while sitting on the steps of defendants' residence, a man gave her a piece of paper, and that she put same on the steps, went after her dog and, when she returned, the piece of paper was missing. The witness' birth certificate was attached to the petition and corroborated her testimony. No rebuttal evidence was produced in this regard. Conversely, no evidence was presented relating to the substantive merits of the action.

Two basic issues are presented by the aforesaid circumstances, viz.:

1. Was the alleged service upon defendants valid?

2. If the alleged service was invalid, should the judgment entered thereon be stricken or opened?

As to the first issue, the law of Pennsylvania, prior to Hollinger v. Hollinger, 416 Pa. 473, was to the effect that, in the absence of fraud, the return of service of a sheriff, which is full and complete on its face, is conclusive and immune from attack by extrinsic evidence. However, in the Hollinger case, supra, the application of the rule was restricted to facts stated in the return of which the sheriff, presumptively, has personal knowledge. The majority of the court stated, at page 477:

"The rule of conclusiveness of a return of service of process is based upon the presumption that a sheriff, acting in the course of his official duties, acts with propriety and, therefore, when the sheriff in the course of such official duties makes a statement, by way of an official return, such statement is given conclusive effect. However, both logic and common sense restrict the conclusive nature of a sheriff's return only to facts stated in the return of which the sheriff presumptively has personal knowledge, such as when and where the writ was served; when, in his official return, the sheriff states that he served a writ at a certain time

and at a certain place, such facts are known to the sheriff personally and should be given conclusive effect. However, the immutability of a return should not extend (a) to facts stated in the return of which the sheriff cannot be expected to have personal knowledge and which are based upon information obtained through hearsay or statements made by third persons or (b) to conclusions based upon facts known to the sheriff only through statements made by others."

It appears to the undersigned, therefore, that the instant case is governed by Hollinger, supra, and that the subject returns may be challenged by extrinsic evidence. Here, the unrebutted evidence patently discloses improper service, such that the exceptions set forth in Hollinger, supra, are applicable, thereby invalidating the alleged service upon defendants.

The remaining issue to be determined concerns the relief to be accorded as a result of the circumstances here present, i. e., whether the judgment should be stricken or, alternatively, opened. In the instant case, the result to be herein achieved will have practical consequences in that plaintiff has attached and garnished certain assets of defendants; this circumstance, however, is irrelevant to the legal issue to be resolved. Under normal circumstances, the law is well established that a motion or petition to strike is in the nature of a demurrer to the record, as distinguished from a petition to open where evidence dehors the record may be introduced. The instant case, however, although possessed of characteristics relevant to both a motion or petition to strike and a petition to open, is more closely analogous to the former; accordingly, it is the opinion of the court that the subject judgment must be stricken.

Pa. R. C. P. 1009(d) requires that service of the complaint be made as provided therein. Valid service was not effected; therefore, the judgment subse-

quently entered was a nullity. Further, although plaintiff contends that the judgment cannot be stricken since evidence dehors the record was presented in support of the petition, plaintiff failed to introduce, as aforesaid, any contrary evidence so as to validate the service. Thus, the uncontradicted facts of record, herein considered as admitted, conclusively disclose the improper service. Unquestionably, if the sheriff's return had disclosed the improper service on its face, the judgment would be stricken. See Sharp v. Valley Forge Medical Center and Heart Hospital, Inc., 422 Pa. 124. The court perceives no distinction in principle between service which is defective on its face on one hand, and uncontradicted and/or admitted facts disclosing defective service on the other hand. This conclusion is buttressed by the following excerpt from 7 Standard Pa. Pract., chap. 30, §165, at page 194:

"An application to strike off the judgment is not the proper remedy where there is an issue of fact as to the grounds for relief. However, such remedy is proper where the facts showing the irregularity or invalidity of the judgment are on the record by the petition to strike off, and are admitted or not denied by the other party. Indeed, there is even authority that a judgment may be struck off where sufficient uncontradicted facts are conclusively shown by the depositions or evidence. It was said in such cases that the court could consider the undisputed facts as a part of the record."

Recently, this court, in Brumbaugh v. Dickerson, no. 10738 of 1969 (Court of Common Pleas), in an analogous case, granted a motion to strike a judgment because of defective service of process. Plaintiff places primary emphasis upon Myers v. Mooney Aircraft, Inc., 429 Pa. 177. An analysis of the Myers case, supra, discloses, however, that it is legally and factually distinguishable from the instant case.

Accordingly, the petition to strike the judgment must be granted.

### ORDER

And now, April 15, 1970, upon consideration of the petition to open and/or strike judgment filed on behalf of defendants, Alex Mamenko and May Mamenko, and after hearing, the rule heretofore entered on September 30, 1969, be and the same is hereby made absolute and the subject judgment be and the same is hereby stricken.