## Chrysler Credit Corp. v. DiDonato et ux.

*Arnold R. Lieberman,* for plaintiff.
*Richman & Richman,* for defendants.

### MEMORANDUM OF LAW IN SUPPORT OF ORDER

SABO, J., January 6, 1975.—In the instant case, the sheriff's return recited, inter alia, that service had been made to "Marie Di Donato" by handing her a copy of the complaint "on 9-17, 1974, at 4:15 o'clock, P. M., D.S.T. at 1672 Worrell Street" and that said complaint was served "to the aforesaid defendant, personally."

It is also alleged that "Peter DiDonato" was served at the same time, date and place, by handing a copy of the complaint to "an adult member of the family of said defendant, with whom said defendant resides, who stated that her relationship to said defendant is that of wife."

The plaintiff chooses to rely on the statement that "Sheriff's return must speak for itself as set forth, as proper service of the Complaint."

The unchallenged affidavits of the defendants aver that (1) their residence is 4719 Northwood Street, Philadelphia and (2) the place of business of defend-

ant, Peter DiDonato, is 1670 Worrell Street in Philadelphia.

Defendants further allege that neither of them was personally served at either their residence or defendant-husband's place of business. Indeed, the sheriff's returns state that service was at 1672 Worrell Street.

The law in Pennsylvania is that "only facts stated in the return of which the sheriff presumptively has personal knowledge, such as when and where the writ was served" and deemed conclusive: Hollinger v. Hollinger, 416 Pa. 473 at 477 (1965).

The immutability of a return does not extend:

"(a) to facts stated in the return of which the sheriff cannot be expected to have personal knowledge and which are based upon information obtained through hearsay or statements made by third persons or

(b) to conclusions based on facts known to the sheriff only through statements made by others.": Hollinger v. Hollinger, supra.

The instant case presents us with sheriff's returns which state facts which are capable of challenge under the rule of the Hollinger case. The immutability of sheriff's return relied on by plaintiff is insufficient. Thus, where there are statements in the sheriff's return which are not presumptively within the sheriff's personal knowledge, the attack on the return must be allowed. Where there are uncontradicted statements in the record which declare those statements challenged to be false, the attack must be allowed to stand.

Therefore, and for the above reasons, the defendants' preliminary objections to plaintiff's complaint are sustained.