## Four States Builders v. O'Neil

*M. Patricia Becket*, for plaintiff.
*Henry J. Sommer*, for defendants.

TAKIFF, *J.*, January 17, 1979—Before the court are defendant Sybil O'Neil's preliminary objections to a complaint in assumpsit brought by plaintiff, Four States Builders and Remodelers, Inc. The underlying dispute involves a home improvement contract entered into September 20, 1977, by plaintiff and Alston and Sybil O'Neil, husband and wife, who are named co-defendants. Plaintiff avers that the sum of $3,000 remains unpaid despite completion of the improvements and demands for payment.

Preliminary objections raising lack of personal jurisdiction over Alston O'Neil, a motion to strike

the complaint, and a motion for a more specific pleading have been lodged on behalf of Sybil O'Neil. No appearance has been entered for Alston O'Neil.

We observe, preliminarily, that Sybil O'Neil as a co-defendant has standing to assert lack of personal jurisdiction and question the return of service on behalf of another defendant. The conclusiveness of a sheriff's return should not be made dependent upon the capacity of the person attacking it, provided such person is a real party in interest. See Hollinger v. Hollinger, 416 Pa. 473, 206 A. 2d 1 (1965). Mrs. O'Neil clearly satisfies that requirement.

The sheriff's return in this case indicates that the complaint was served upon both defendants March 29, 1978, at 4506 Mulberry Street, Philadelphia, Pa., by leaving it with an adult male in charge of the residence, who refused to give his name or relationship to defendants. Said address is the same stated on the contract by both defendants, and presumably the location of the premises improved. Sybil O'Neil avers in her objections, filed April 19, 1978, that Alston O'Neil had not resided at that address for at least six months, and plaintiff knew as much, at least since September 1977. Sybil O'Neil further averred that her husband's current residence was unknown, but that he was believed to be living in Ohio. These objections were properly verified, endorsed with a notice to plead and served upon plaintiff's counsel. No answer has been made by plaintiff, and we now dispose of these objections as uncontested.

While a sheriff's return which is regular, full and complete on its face carries a presumption of validity, it is only conclusive with respect to facts within

the sheriff's personal knowledge: Hollinger v. Hollinger, supra. Therefore, we are bound by the return to conclude that process was effected or attempted at 4506 Mulberry Street, but we have no proof whatsoever that the sheriff had personal knowledge of the persons residing therein. We are presented, in rebuttal, with an affirmative assertion by Sybil O'Neil, who concededly resides at the named address, that her husband is not and was not there residing when the complaint was served. Neither a spouse nor a co-defendant is an agent for service of process, absent compliance with Pa.R.C.P. 1009. While we are cognizant of the self-service rendered by this defendant's objection and the opportunity for collusion, in the absence of contrary proof, we nevertheless agree with the objection that personal jurisdiction has not been obtained over Alston O'Neil.

The other preliminary objections are directed to plaintiff's failure to attach the entire contract to the complaint; failure to attach "other documents" upon which the agreement is based; failure to state the specific time and place of the demands on defendants; failure to state the specific dates of commencement, performance or completion of the work. These alleged deficiencies are couched in terms of both a motion to strike and a motion for a more specific complaint.

From the face of the complaint it is apparent that only one side of a two-sided contract is appended. Pa.R.C.P. 1019(h) provides: "[A] pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof. . . ." Clearly this rule autho-

rizes the pleader to limit his exhibit to the "material part" of the writing. If plaintiff has deliberately omitted certain sections which are detrimental to its case and beneficial to the defense, defendant is free to attach omitted portions as exhibits to the answer. There is no directive in the rule for annexation of evidentiary matters, and we find nothing amiss in terms of Pa.R.C.P. 1019(h). See General State Authority v. Lawrie and Green, 24 Pa. Commonwealth Ct. 407, 356 A. 2d 851 (1976).

The complaint and the portion of the contract submitted both establish that a contract was formed September 20, 1977. The date of completion is stated in the demand clause of the complaint as December 15, 1977. While dates of plaintiff's demands on defendants are not set forth, we do not find this a violation of Pa.R.C.P. 1019(a) or (f). The material averments of time have been stated and it is clear that no statute of limitations defense exists: Baker v. Rangos, 229 Pa. Superior Ct. 333, 324 A. 2d 498 (1974).

The omissions complained of by defendant do not go to the adequacy or propriety of the complaint, and if defendant does not already have knowledge of these factual matters, discovery is the proper mode for ascertaining them.

Whereupon we enter the following

## ORDER

And now, January 17, 1979, defendant Sybil O'Neil's objection asserting lack of personal jurisdiction as to co-defendant Alston O'Neil is sustained; all other preliminary objections are hereby dismissed.