# Anbari v. Joles

C.P. of Westmoreland County, no. 7638 of 2000.

*William J. Wiker,* for plaintiff.
*Patrick H. Mahady,* for defendant.

LOUGHRAN, *P.J.,* May 3, 2001—

## HISTORY

Plaintiff filed a complaint in trespass on December 6, 2000. Thereafter, the sheriff of Westmoreland County issued a return of service dated January 5, 2001 indicating that service was made upon "Tom Joles, son of Stanley Joles," at 43 Second Street, Hostetter, Pennsylvania. The sheriff return also alleged that Tom Joles was an adult in charge of defendant's residence at the time of service.

The plaintiff had caused to have a 10-day default notice service on the defendant at 43 Second Street, Hostetter, Pennsylvania on February 6, 2001, by first class mail. Judgment on the issue of liability was entered against the defendant by the plaintiff on March 6, 2001, for his failure to answer the complaint. Thereafter, the defendant presented a motion (petition) to open the judgment on April 4, 2001. A hearing was held on April 26, 2001—thus this decision.

## DISCUSSION

In this petition/motion to open the judgment, the "motion" alleged at paragraph no. 3:

"The complaint was not delivered personally to the defendant, but was served upon an individual adult, Tom Joles, *at the residence who was neither in charge of nor residing at the residence at that time.*" (emphasis added)

The motion to open the judgment does not allege that service was made upon Tom Joles at any other residence other than the defendant's. At the hearing on the motion which was held on April 26, 2001, defendant offered testimony somewhat contrary to the motion. At the hearing, Tom Joles testified that service was made upon him at 44 West Second Street, Hostetter, Pennsylvania rather than at 43 West Second Street, Hostetter, Pennsylvania.

Defendant, in his argument, cited the case of *Anzalone v. Vormack,* 718 A.2d 1246 (Pa. Super. 1998), which cites the case of *Hollinger v. Hollinger,* 416 Pa. 473, 206 A.2d 1 (1965). In the *Hollinger* case which was addressed by the Pennsylvania Supreme Court, the principal issue presented was the extent to which a service of a sheriff is deemed conclusive. In that case, the sheriff's return recited, inter alia, that service had been made by handing a true copy of a writ to "Mrs. Alvin Hollinger [another sister-in-law of Rita Hollinger], and adult member of [Rita Hollinger] . . . on 1-2, 1962, at 3:40 p.m. . . . at 5537 North Palethorpe St., in the County of Philadelphia, State of Pennsylvania, *the dwelling house* of the said [Rita Hollinger]." (emphasis in original)

The court in *Hollinger, supra,* held at pages 476-77, as follows:

"Our courts have long adhered to the rule that, in the absence of fraud, the return of service of a sheriff, which is full and complete on its face, is conclusive and immune from attack by extrinsic evidence: *Vaughn v. Love,*

324 Pa. 276, 278, 279, 188 A. 299, and cases therein cited; *Kane v. Travis,* 172 Pa. Super. 220, 222, 92 A.2d 902; *Commonwealth v. Degillio,* 197 Pa. Super. 568, 571, 180 A.2d 267. Despite the fact that the early history of this rule 'is clouded by contradictions,' that 'all but eight states, of which Pennsylvania is one, have thrown off the old idea that the return of a sheriff must be accepted as verity,' that on occasions the rule has resulted in 'exceeding hardship' and that we have 'been somewhat inconsistent in our rulings relating to the return and the immutability of a record' *(Vaughn, supra,* pp. 279, 280), we have continued adherence to this rule because it has tended to the security of a record. Our experience with this rule has indicated that it is generally salutary and worthy of preservation; from this rule we do not depart."

The court held that the nature of a sheriff's return is conclusive only to the facts set forth in the return in which the sheriff presumptively has a personal knowledge, such as *when* and *where* the writ was served. Therefore, when, in his official return, the sheriff states that he served a writ at a certain time and at a certain place, such facts are known to the sheriff personally and should be given conclusive effect. However, the immutability of a return should not extend (a) to facts stated in the return of which the sheriff cannot be expected to have personal knowledge and which are based upon information obtained through hearsay or statements made by third persons or (b) to conclusions based upon facts known to the sheriff only through statements made by others.

The Superior Court, in *Anzalone v. Vormack,* 718 A.2d 1246 (1998), in citing *Hollinger* held that the date, time and place service was made is conclusive and immune

from assault. However, the status of the person from whom service was being made and the defendant's residence of being "15 Sunnyhill Drive, Beaver Falls, PA" are matters which the process server presumptively had no personal knowledge but learned via third party disclosure. Therefore, the plaintiff in that case was not immune from attacking such representations.

In the instant case before this court, the defendant's witness testified that he was Tom Joles, the son of the defendant as was stated in the sheriff's return and that he was an adult at the time of the service. He then testified, contrary to the defendant's motion, that he was served at 44 West Second Street, Hostetter, Pennsylvania, not 43 West Second Street, Hostetter, Pennsylvania. Plaintiff correctly suggests that, based upon the *Hollinger* case and the *Anzalone* case, the defendant may not attack the date, time and place of service. Therefore, the defendant may not attack that service was made on January 4, 2001, at 2:40 p.m. at 43 West Second Street, Hostetter, Pennsylvania. What could be attacked by the defendant, but was not, was that 43 West Second Street, Hostetter, Pennsylvania, was not the address of the defendant and that Tom Joles was not an adult nor was he the son of Stanley Joles. In fact, the testimony from the defendant confirmed that 43 West Second Street, Hostetter, Pennsylvania was the address of the defendant, that Tom Joles was the defendant's son and that Tom Joles was an adult at the time of the service. The issue as to whether service was made at 43 West Second Street or 44 West Second Street may not be attacked.

In summary, the defendant cannot attack *where* the service was made. Therefore, the defendant's motion

must be dismissed and the matter be scheduled for arbitration for the issue of damages.

## ORDER

And now, to wit, May 3, 2001, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the defendant's motion/petition to open the default judgment is hereby denied and the court administrator is directed to schedule this case for arbitration on the issue of damages.