J-A17026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JP MORGAN CHASE BANK N/A SUCCESSOR BY MERGER CHASE HOME FINANCE, LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC LESTER LEINBACH, | |
| Appellant | No. 2537 EDA 2014 |

Appeal from the Order Entered July 21, 2014
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 11011 CV-2008

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:  **FILED AUGUST 11, 2015**

Appellant, Eric Lester Leinbach (hereinafter "Leinbach"), appeals from the trial court's July 21, 2014 order denying his "Petition to Set Aside Sheriff Sale."  After careful review, we affirm.

The relevant facts and procedural history of this case were summarized by the trial court as follows:

> On December 11, 2007, [Leinbach] executed a mortgage on the property at issue located at 4135 Crest View Drive, Stroudsburg, Pennsylvania.  The mortgage was subsequently assigned to [Appellee, JP Morgan Chase Bank, (hereinafter "JPMC")]. [Leinbach] defaulted on the mortgage and [JPMC] filed an action in mortgage foreclosure on November 13, 2008.  Thereafter, judgment was entered in favor of [JPMC] on January 4, 2010.
>
> [JPMC] filed a writ of execution on March 9, 2010, which was reissued on April 14, 2011.  The property was placed on the July 28, 2011 sale list.  The sale was postponed to October 27, 2011, then to December 1, 2011, and again to April 26, 2012 before

being stayed. [JPMC] filed to reissue the writ on December 18, 2012 and the property was listed and sold on March 27, 2014.[1]

[Leinbach] filed a timely petition under Pa.R.C.P. 3132 requesting [the trial court] [] set aside the sheriff's sale. [JPMC] filed its response to [Leinbach's] petition on May 20, 2014. On June 5, 2014, [JPMC] filed a praecipe for argument on the petition, and the matter was placed on the July 7, 2014 argument list. On June 11, 2014, [Leinbach] filed a motion for a hearing prior to argument in order to develop the record and resolve factual discrepancies. [The trial court], by order dated June 18, 2014, granted [Leinbach's] motion for a hearing and scheduled the hearing for July 21, 2014; however, [the court] allowed the argument to proceed as originally scheduled. During the argument hearing on July 7, 2014, [the trial court] postponed argument on this matter pending the conclusion of the July 21, 2014 hearing.

On July 21, 2014, a hearing was held on [Leinbach's] petition with both parties present. Following the hearing, [the trial court] entered an order denying [Leinbach's] Petition to Set Aside the Sheriff's Sale based on the reasons set forth on the record. On August 7, 2014, [the trial court] entered an order retroactively striking the matter from the July 2014 argument list.

> [1] Property was sold to [JPMC] for $10,000 plus costs of $4,063.

Trial Court Opinion (TCO), dated 11/5/14, at 1-2.

On August 19, 2014, Leinbach filed a notice of appeal from the July 21, 2014 order denying his petition to set aside the sheriff's sale.[1] The court

_____

[1] Additionally, on September 5, 2014, Leinbach filed an appeal from the August 7, 2014 order striking the petition to set aside sheriff's sale from the July 2014 argument list. Because both appeals involve the same underlying facts and raise similar issues, the November 5, 2014 trial court opinion referenced herein was filed in response to both appeals. However, the appeal from the August 7, 2014 order was later dismissed by this Court on January 20, 2015, due to Leinbach's failure to respond to a rule to show cause regarding this Court's basis for jurisdiction.

subsequently ordered Leinbach to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Leinbach timely filed on September 10, 2014.[2] Leinbach's Rule 1925(b) statement provided only the following:

1. Denial of the relief requested in the petition to set aside the [s]heriff sale in the above captioned matter.

2. Instructing the defendant to continue answering the court's question over the defendant[']s objection relating to the conclusiveness of the [s]heriff's return of service.

Pa.R.A.P. 1925(b), 9/10/14. Now, on appeal, we are presented with the following sole issue: "Did the Monroe County Court of Common Pleas abuse it[s] discretion and/or commit clear error and thereby commit reversible error when it failed to set aside [the] [s]heriff[']s sale of the Homeowner[']s real property on March 27, 2014[?]" Leinbach's Brief at 3.

JPMC argues that the issues raised on appeal have not been properly preserved, as Leinbach's concise statement of errors lacks the specificity required by Rule 1925(b)(4). JPMC's Brief at 7-9. After careful review, we agree.

_____

[2] On September 10, 2014, Leinbach also filed a motion to amend and supplement his concise statement of errors complained of on appeal, asserting that the transcript from the July 7, 2014 hearing had not yet been produced and that additional time was needed to review the transcript in order to fully develop his concise statement. The court granted said motion by order of court dated September 16, 2014, providing Leinbach seven (7) days from the filing date of the transcript within which to file his supplemental concise statement. The transcript was filed with the court the next day; however, Leinbach never filed a supplemental 1925(b) statement.

Preliminarily, we note that, "issues not raised in a Rule 1925(b) statement will be deemed waived for review." **Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa. Super. 2011).[3] **See also** Pa.R.A.P. 1925(b)(4)(vii). As we explained in **Hansley**:

> An appellant's concise statement must properly specify the error to be addressed on appeal. In other words, the Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal. A concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all. The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. Thus, if a concise statement is too vague, the court may find waiver.

**Id.** at 415. (internal quotation marks, brackets and citations omitted).

In the instant case, the first issue listed in the Rule 1925(b) statement - "[d]enial of the relief requested in the petition to set aside the [s]heriff sale …" - is merely a bald allegation that fails to identify any specific issue(s). We dealt with a similarly vague claim in **In re A.B.**, 63 A.3d 345 (Pa. Super. 2013), where the mother in a child protection proceeding appealed from a trial court order adjudicating the child dependent. In the mother's 1925(b) statement, she listed one issue: "The trial court erred when it failed to assure Mother a fair hearing." **Id**. at 350. We concluded in **In re A.B.**, that

---

[3] "Since the Rules of Appellate Procedure apply to criminal and civil cases alike, the principles enunciated in criminal cases construing those rules are equally applicable in civil cases." **Lineberger v. Wyeth**, 894 A.2d 141, n.4 (Pa. Super. 2006) (quoting **Kantner v. Epstein**, 866 A.2d 394, 400 n.6 (Pa. Super. 2004)).

the mother "waived any issues she may have had on appeal ... by failing to identify any specific issue on appeal." *Id.* at 350. Similarly, in ***Lineberger***, 894 A.2d at 149, we deemed issues waived where the appellant's Rule 1925(b) statement merely contained a general statement that the trial court erred in granting a summary judgment motion, and the appellant failed to reiterate the arguments raised in her opposition to the motion for summary judgment. Accordingly, we conclude that the first issue listed in Leinbach's concise statement has been waived.

Next, we address the second statement of error: "Instructing the defendant to continue answering the court's question over the defendant[']s objection relating to the conclusiveness of the [s]heriff's return of service." Pa.R.A.P. 1925(b), 9/10/14. We find this statement to be incomprehensible and, therefore, insufficient to place the trial court on notice regarding the issue(s) being raised on appeal. Leinbach's failure to adequately identify the issue(s) sought to be pursued on appeal impeded the trial court's ability to prepare a legal analysis regarding said issue(s). Moreover, the second statement of error is overly broad and vague, leaving the court guessing as to the precise nature of the claim(s) on appeal.

Leinbach attempts to argue that the issue raised on appeal was properly preserved, as it was detailed in his petition to set aside the sheriff's sale and brief in support thereof. Leinbach's Brief at 6. ***See also*** Leinbach's Reply Brief at 1-3. However, as we concluded in ***Lineberger***, a Rule 1925(b) statement fails to comply with Rule 1925(b)(4) where the

statement contains only broad, general assertions and fails to reiterate the arguments raised in prior proceedings. Rule 1925(b)(4)(ii) provides that a Rule 1925(b) statement, "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). Thus, the fact that the issue was raised in Leinbach's petition to set aside the sheriff's sale is not sufficient to preserve that issue for appeal. Accordingly, the issue is waived.

Nevertheless, even if Leinbach had properly preserved the issue he raises on appeal, we would conclude that it is without merit. We first note the applicable standard of review. As we stated in *GMAC Mortgage Corporation of PA v. Buchanan*, 929 A.2d 1164, 1167 (Pa. Super. 2007):

> The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor. A petition to set aside a sheriff's sale is grounded in equitable principles and is addressed to the sound discretion of the hearing court. The burden of proving circumstances warranting the exercise of the court's equitable powers rests on the petitioner, as does the burden of showing inadequate notice resulting in prejudice, which is on the person who seeks to set aside the sale. When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, we recognize that the court's ruling is a discretionary one, and it will not be reversed on appeal unless there is a clear abuse of that discretion.
>
> An abuse of discretion is not merely an error of judgment. Furthermore, it is insufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the trial court. An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or

capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will. Where the record adequately supports the trial court's reasons and factual basis, the court did not abuse its discretion.

*Id.* (internal quotation marks and citations omitted).

Leinbach raises a myriad of objections to the notices of sale regarding the March 27, 2014 sheriff's sale of his residence, claiming that he "was prejudiced by the complete failure of [JPMC] to give proper notice of [the] sale…." Leinbach's Brief at 6. More specifically, Leinbach avers that JPMC failed to comply with the notice requirements mandated by Pennsylvania Rules of Civil Procedure 3129.1 and 3129.2, and he essentially attacks the validity of every notice of sale produced by JPMC. *Id.* at 9. Based on our review of the record, including testimony at the July 21, 2014 hearing, we conclude that Leinbach has failed to meet his burden of showing inadequate notice resulting in prejudice. Additionally, we find no abuse of discretion in the trial court's finding that JPMC complied with the relevant notice requirements.

Under Pa.R.C.P. 3129.1(a), "[n]o sale of real property upon a writ of execution shall be held until the plaintiff has filed with the sheriff the affidavit required by subdivision (b) and the notice required by Rule 3129.2 has been served." Rule 3129.2 states, in pertinent part:

   (a)   Notice of the sale of real property shall be given by handbills as provided by subdivision (b), by written notice as provided by subdivision (b), by written notice as provided by subdivision (c) to all persons whose names and addresses are set forth in the affidavit required by

Rule 3129.1, and by publication provided by subdivision (d).

(b) The handbills shall be posted by the sheriff in the sheriff's office and upon the property at least thirty days before the sale, and shall include

(1) a brief description of the property to be sold, its location, any improvements, the judgment of the court on which the sale is being held, the name of the owner or reputed owner, and the time and place of sale, and

(2) a notice directed to all parties in interest and claimants that a schedule of distribution will be filed by the sheriff on a date specified by the sheriff not later than thirty days after the sale and that distribution will be made in accordance with the schedule unless exceptions are filed thereto within ten days after the filing of the schedule.

Pa.R.C.P. 3129.2(a), (b).

First, Leinbach argues that his property was not properly posted with a notice of the sale in accordance with Rule 3129.2(b). However, the record reveals that a Sheriff's Service Affidavit of Return was filed on December 20, 2013, indicating that a notice was posted on the property by Deputy Kimberly Lippincott on December 13, 2013. It is well-established that, under Pennsylvania law, a sheriff's return of service is conclusive with respect to facts which are within the sheriff's personal knowledge. **Hollinger v. Hollinger**, 206 A.2d 1 (Pa. 1965).[4] Leinbach even testified

---

[4] In **Hollinger**, the Pennsylvania Supreme Court explained that this rule "is based upon the presumption that a sheriff, acting in the course of his official duties, acts with propriety and, therefore, when the sheriff in the course of such official duties makes a statement, by way of an official return, such statement is given conclusive effect." **Id.** at 3.

at the hearing on his petition to set aside the sale that he *did see* a notice posted on his property on December 20, 2013, but claimed that the notice referenced a different property. Leinbach was unable to produce said notice and testified that he had thrown it away. N.T. Hearing, 7/21/14, at 8-10. The trial court found Leinbach's testimony that the notice referenced a different property to be not credible. TCO at 7. On issues of credibility, we defer to the trial court's findings. ***See Conroy v. Rosenwald***, 940 A.2d 409, 417-18 (Pa. Super. 2007).

Next, we address the notice by publication requirements set forth in Rule 3129.2(d).[5] On March 24, 2014, a sheriff's service affidavit of return was filed, certifying that publication was made on February 28, 2014, March 7, 2014, and March 14, 2014, in both the Monroe Legal Reporter, a weekly publication of general circulation in Monroe County, and the Pocono Record, Inc., a daily newspaper of general circulation in Monroe County. TCO at 10.

---

[5] Rule 3129.2(d) provides:

> Notice containing the information required by subdivision (b) shall also be given by publication by the sheriff once a week for three successive weeks in one newspaper of general circulation in the county and in the legal publication, if any, designated by rule of court for publication of notices, the first publication to be made not less than twenty-one days before the date of sale. No additional publication shall be required.

Pa.R.C.P. 3129.2(d).

Leinbach's argument that the publication requirements were not met rests solely on the fact that the affidavits from the Monroe Legal Reporter and the Pocono Record were not attached to the sheriff's affidavit. While we agree that the sheriff's affidavit could have been more thorough, the absence of the newspapers' affidavits from the record does not invalidate the sheriff's statement that the publication was done. Moreover, Leinbach failed to produce any evidence to the contrary.[6] Accordingly, we agree with the trial court's conclusion that the publication requirements of Rule 3129.2(d) were met.

Finally, Leinbach avers that JPMC failed to obtain personal service on himself as well as the lienholders in compliance with the written notice requirements under Rule 3129.2(c).[7] The record reflects a sheriff's service

---

[6] As previously stated, under Pennsylvania law, a sheriff's return of service is given conclusive effect as to the facts which are within the sheriff's personal knowledge. **Hollinger**, 206 A.2d at 3.

[7] Rule 3129.2.(c) provides:

> (c) The written notice shall be prepared by the plaintiff, shall contain the same information as the handbills or may consist of the handbill and shall be served at least thirty days before the sale on all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1.
>
> (1) Service of the notice shall be made
>
>     (i) upon a defendant in the judgment who has not entered an appearance and upon the owner of the property.

*(Footnote Continued Next Page)*

affidavit of return which indicates that Leinbach was personally served on December 13, 2013, at 4:25 p.m.  Again, Leinbach attacked the allegations in the sheriff's affidavit and argued that he could not possibly have been served at the time indicated because he naps everyday between the hours of 2:00 – 6:00 p.m.  N.T. Hearing at 8-9.  Leinbach further testified that he was served with a handbill and notice of execution on December 13, 2013, but that he was served at 10:30 a.m. and the documents were for another property.  *Id.*  Absent any documentation in support of his allegations, the trial court found Leinbach's testimony to be not credible.  TCO at 9.  *See also* N.T. Hearing at 43-44.  Furthermore, we note that the record indicates

*(Footnote Continued)* _____

> (A)  by the sheriff or by a competent adult in the manner prescribed by Rule 402(a) for the service of original process upon a defendant …
>
> (ii)  upon the defendant in the judgment who has entered an appearance, by the plaintiff in the manner provided by Rule 440, and
>
> (iii) upon each other person named in the affidavit by the plaintiff by ordinary mail at the address set forth in the affidavit with the return address of the plaintiff appearing thereon.  The plaintiff shall obtain from the U.S. Postal Service a Form 3817 Certificate of Mailing.  Service shall be complete upon mailing …
>
> (2) The person serving the notice shall file a return of service as provided by Rule 405.  If service is made by mail pursuant to subdivision (c)(1)(iii), the return shall include the certificate of mailing and the letter, if returned.

Pa.R.C.P. 3129.2(c).

Leinbach was personally served with notice of the sale again on December 13, 2013, by JPMC's process server. TCO at 9. As to the notice to lienholders, we agree with the trial court that Leinbach lacks standing to raise this issue on their behalf. TCO, at 11.

Based on the foregoing facts and testimony at trial, we conclude that Leinbach was clearly on notice of the sheriff's sale. The record supports the trial court's findings that all of the notice requirements have been met and we find no abuse of discretion in the court's denial of Leinbach's petition to set aside the sheriff's sale.

Order *affirmed*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2015